# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER RADEL, an individual | |
| Plaintiff, | |
| v. | |
| SOUTH WOODS STATE PRISON, a governmental entity, | Civil Action No.: |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, a governmental entity, | **COMPLAINT AND JURY DEMAND** |
| MICHAEL CARTY, in his official capacity, | |
| OFFICER MERCARDO, in his official capacity, | |
| OFFICER CANION, in his official capacity, | |
| OFFICER SWAIN, in his official capacity, | |
| ALEXANDER J. BUTLER, an individual, | |
| JOHN DOE WARDEN, in his official capacity, | |
| JOHN DOES 1-10 (fictitious names), and | |
| ABC ENTITIES 1-10 (fictitious entities), j/s/a | |
| Defendants. | |

Plaintiff Christopher Radel, by and through his attorneys, Lento Law Group, P.C., by way of Plaintiff's Complaint, brings this action for damages and other legal and equitable relief against Defendants SOUTH WOODS STATE PRISON, a governmental entity; NEW JERSEY DEPARTMENT OF CORRECTIONS, a governmental entity; MICHAEL CARTY, in his official capacity; OFFICER MERCARDO, in his official capacity; OFFICER CANION, in his official

capacity; OFFICER SWAIN, in his official capacity; ALEXANDER J. BUTLER, an individual;

JOHN DOE WARDEN, in his official capacity; JOHN DOES 1-10 (fictitious names), and ABC

ENTITIES 1-10 (fictitious entities), jointly, severally, or in the alternative, alleging as follows:

## LOCAL CIVIL RULE 10.1 STATEMENT

The mailing addresses of the parties to this action are:

Christopher Radel
168 Frontage Rd
Newark, New Jersey 07114

South Woods State Prison
215 S. Burlington Rd
Bridgeton, New Jersey 08302

Michael Carty
215 S. Burlington Rd,
Bridgeton, New Jersey 08302

Officer C. Mercardo
215 S. Burlington Rd,
Bridgeton, New Jersey 08302

Officer N. Canion
215 S. Burlington Rd,
Bridgeton, New Jersey 08302

Officer P. Swain
215 S. Burlington Rd,
Bridgeton, New Jersey 08302

Alexander Butler
State Bureau of Identification No.: 000943922E, Booking No.: 944038
215 S. Burlington Rd
Bridgeton, New Jersey 08302

New Jersey Department of Corrections
300 Stuyvesant Avenue,
Trenton, New Jersey 08618

## JURISDICTION AND VENUE

1.      This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343.

2.      Plaintiff brings this action to redress the deprivation of Plaintiff's constitutional rights under the Eighth and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. § 1983, 1985, and 1988, which provide for attorneys' fees in civil rights claims.

3.      This Court also has supplemental jurisdiction over Plaintiff's related state claims pursuant to 28 U.S.C. § 1367(a), as such claims are so related to Plaintiff's federal claims that they form part of the same case or controversy and arise out of a common nucleus of operative fact.

4.      Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(1) & (b)(2), as upon information and belief, all Defendants reside in this district and the events giving rise to the claims occurred in this district.

## PARTIES

1.      At all times relevant herein, Plaintiff CHRISTOPHER RADEL, is an adult resident citizen of Newark, New Jersey, with a residential address as above.

2.      At all times relevant herein, Defendant SOUTH WOODS STATE PRISON, is a correctional facility run by Defendant STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, and which houses inmates in Cumberland County, New Jersey. It is located at 215 S. Burlington Road, Bridgeton, New Jersey 08302.

3.      At all times relevant herein, and upon information and belief, Defendant NEW JERSEY DEPARTMENT OF CORRECTIONS is the governmental entity responsible for the operations, management, oversight of prisons within the State of New Jersey is has a central office believed to be located at 300 Stuyvesant Avenue, Trenton, New Jersey 08618.

4.      At all times relevant herein, and upon information and belief, Defendant MICHAEL CARTY, is a corrections officer and/or cell block administrator within South Woods State Prison and is believed to be an adult resident citizen of Sussex County, servable at South Woods State Prison located at 215 S. Burlington Road, Bridgeton, New Jersey 08302. At all times relevant hereto, Defendant Michael Carty acted under color of State law and in his official capacity.

5.      At all times relevant herein, and upon information and belief, Defendant OFFICER MERCARDO (first name unknown to Plaintiff at present) is a corrections officer within South Woods State Prison and is believed to be an adult resident citizen of Sussex County, servable at South Woods State Prison located at 215 S. Burlington Road, Bridgeton, New Jersey 08302. At all times relevant hereto, Defendant Michael Carty acted under color of State law and in his official capacity.

6.      At all times relevant herein, and upon information and belief, Defendant OFFICER CANION (first name unknown to Plaintiff at present) is a corrections officer within South Woods State Prison and is believed to be an adult resident citizen of Sussex County, servable at South Woods State Prison located at 215 S. Burlington Road, Bridgeton, New Jersey 08302. At all times relevant hereto, Defendant Michael Carty acted under color of State law and in his official capacity.

7.      At all times relevant herein, and upon information and belief, Defendant OFFICER SWAIN (first name unknown to Plaintiff at present) is a corrections officer within South Woods State Prison and is believed to be an adult resident citizen of Sussex County, servable at South Woods State Prison located at 215 S. Burlington Road, Bridgeton, New Jersey 08302. At all times relevant hereto, Defendant Michael Carty acted under color of State law and in his official capacity.

8.      At all times relevant herein, and upon information and belief, Defendant ALEXANDER J. BUTLER (State Bureau of Identification No.: 000943922E, Booking No.: 944038) is an adult resident citizen of Sussex County, presently incarcerated within, and therefore servable at, South Woods State Prison located at 215 S. Burlington Road, Bridgeton, New Jersey 08302.

9.      Defendant JOHN DOE WARDEN is, and was at all times relevant herein, the Warden of the South Woods State Prison, and is believed, whether through actions or omissions, to have contributed in some relevant and material way to the causes of action complained of herein. Plaintiff does not presently know the true identity of Defendant JOHN DOE WARDEN, but will seek leave to amend the Complaint to properly name this Defendant after conducting discovery, should the need arise. At all times relevant hereto, Defendant Michael Carty acted under color of State law and in his official capacity.

10.     At all times relevant herein, Defendants, JOHN DOES 1-10 (fictitious names) and ABC ENTITIES 1-10 (fictitious entities), are believed to be individuals or entities whose actions or omissions contributed in some relevant and material way to the causes of action complained of herein. Plaintiff does not presently know the true identities of these Defendants, but will seek leave to amend the Complaint to properly name these Defendants after conducting discovery, should the need arise.

## GENERAL FACTUAL ALLEGATIONS

11.     Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above, and incorporates same as if fully set forth at length herein.

12.     On or about July 23, 2020, Plaintiff, CHRISTOPHER RADEL, was an inmate at Defendant SOUTH WOODS STATE PRISON (hereinafter, "SWSP"), a State prison located in Cumberland County, New Jersey.

13.     On or about June 25, 2020, Plaintiff sought assistance from Defendants via email requesting to be moved because of his reasonable fear of his bunkmate Defendant ALEXANDER J. BUTLER ("Butler"), who was known to have violent tendencies in the prison, and appeared to be suffering from mental illness. *See* EXHIBIT A.

14.     The email specifically states that Plaintiff has "been in there for more than 2 months and everything was fine until recently – he's accused me of tampering/poisoning his food several times in the past few weeks. He's very paranoid…I have no fights or problems on my jacket and want to avoid any problems and this whole situation seems to be escalating. There's several open bunks in this unit- please move me asap…Thank you"

15.     Plaintiff clearly laid out his reason for his fear and his bunkmate's noted paranoia.

16.     Plaintiff notes that there are open bunks in the unit and states the situation has escalated to the point where he is scared for his safety.

17.     Defendants MICHAEL CARTY ("Carty") and SWSP did not reply to his request until July 20, 2020.

18.     In their reply, they curtly tell Plaintiff "SWSP does not allow or honor inmate housing requests. All housing requests are based on the needs of the institution".

19.     No further explanation was given, and no acknowledgement was given of Plaintiff's fears, nor a reassurance of his safety. By not mentioning this and saying that housing assignments are based on the needs of the institution, Defendants make clear that Plaintiff's safety is not a priority or need for the institution.

20.     On July 23, 2020, three days after the email from Defendant Carty, Plaintiff returned to his cell from recreation and his bunkmate, Defendant Butler, returned from the yard.

21.     Defendant Butler could not find his t-shirt and accused Plaintiff of stealing the t-shirt.

22.     Defendant Butler stood over plaintiff while screaming, and swung at Plaintiff's chest.

23.     The cell doors opened then, it being noon, and Plaintiff quickly left, knowing the situation could escalate quickly.

24.     Desperate for help, Plaintiff sought the unit officer Defendant OFFICER MERCARDO ("Mercardo") and another officer for help, informing the officer of what happened, that his bunkmate was unstable, and had assaulted him. This was right before inmates were to enter their cell again.

25.     Defendant Mercardo replied only with "So are you refusing to lock in?" to which Plaintiff replied "No", to which Mercardo responded, "Then get your tray and lock in!"

26.     Plaintiff was initially hesitant to seek help for fear of being labeled a "snitch" but decided to follow SWSP policy and went to the unit officer.

27.     Defendant Mercardo did not contact his supervisor as policy dictates in order to ensure Plaintiff's safety.

28.     Rather, Defendant Mercardo ordered Plaintiff to lock in with Defendant Butler, the violent bunkmate who had just assaulted Plaintiff.

29.     Immediately upon Plaintiff's return to his cell, Defendant Butler was enraged because he saw Plaintiff speaking to Defendant Mercardo about him.

30.     Plaintiff informed Butler that he was asking to be moved.

31.     Butler immediately attacked Plaintiff by punching and biting him. This was a prolonged attack.

32.     Plaintiff banged on the cell door loudly and saw Defendant Mercardo on the bottom floor of the cellblock looking up to the Plaintiff's cell.

33.     Plaintiff yelled for help, waved, and made a fist indicating he was being assaulted.

34.     Defendant Mercardo then went on the radio and called a "code" which was heard on the intercom.

35.     Throughout this time, Plaintiff's bunkmate, Defendant Butler, was biting chunks of Plaintiff's skin off, gouging his eyes, and more.

36.     After a few moments, officers ordered Plaintiff and Butler on the ground, and Plaintiff immediately complied. Butler continued to jump and assault Plaintiff in plain view of the officers.

37.     This is confirmed by non-party Officer Hulitt (first name unknown to Plaintiff at present), in a statement where he states, "Inmate Radel complied with the order to get on the ground while inmate Butler proceeded to attack Inmate Radel". *See* EXHIBIT B.

38.     OC spray was then deployed on Defendant Butler and Plaintiff, despite Plaintiff's compliance.

39.     Two officers, Defendant OFFICER SWAIN ("Swain") and Defendant OFFICER CANION ("Canion") both OC sprayed Plaintiff. *See* EXHIBIT C.

40.     In their statement and Use of Force Report, they state they had no choice because Plaintiff and his Butler refused to obey their order to not fight. *See* EXHIBIT C,

41.     This directly contradicts Officer Hulitt's statement that Plaintiff Radel immediately complied with said order.

42.     Defendants Swain and Canion's justification for their use of excessive and needless force on Plaintiff was simply to lie by claiming that Plaintiff was violent too.

43.     Officer Hulitt has no relationship with Plaintiff and no reason to lie.

44.     Defendants Swain and Canion not only refused to help, but they also assaulted and battered Plaintiff with cannisters of the OC spray with absolutely no reason to do so.

45.     Plaintiff was subsequently taken to Inspira Medical Center-Vineland, where blood was drawn to test for infection from Defendant Butler's bites, and he was diagnosed with a broken nose.

46.     Plaintiff spoke to prison investigators from the hospital bed and made video statements about what happened.

47.     Plaintiff was given IV morphine for pain and was discharged to prison SWSP's Extended Care Unit (ECU) for treatment. An infection was found in his blood, so he was given IV antibiotics for five (5) days.

48.     Shockingly, despite being the victim of a violent attack, Plaintiff himself was served with institutional charges the next day for fighting.

49.     Plaintiff's paralegal at the time asked for the email which Plaintiff had sent to Defendants prior to the incident, as well as for surveillance tapes and a polygraph.

50.     All of these requests were denied, and no valid reason given.

51.     Inexplicably, Plaintiff, the victim in the situation, was put in solitary confinement as punishment for this situation.

52.     Defendant Mercardo blatantly lies in his statement, stating that he "looked in the cell during routine patrol and saw us fighting", although video surveillance, if it exists, would show him looking up from the first floor and calling the code from there, as Plaintiff was signaling him. *See* EXHIBIT D.

53.     As a result of the horrific and violent altercation Plaintiff suffered at the hands of Defendant Butler and which was effectuated by the knowing and deliberate indifference of the Defendants, Plaintiff has sustained eight (8) horribly disfiguring scars from Defendant Butler's bites, as well

as a broken nose, constant jaw pain and clicking, residual eye irritation and burning, several loose

teeth, renewed back pain, and extreme pain and suffering.

54.     Psychologically, Plaintiff has also sustained PTSD, panic attacks, nightmares, and more,

all of which he has sought medical treatment for.

55.     Defendants SOUTH WOODS STATE PRISON, NEW JERSEY DEPARTMENT OF

CORRECTIONS, OFFICER CARTY, OFFICER MERCARDO, OFFICER CANION, OFFICER

SWAIN, JOHN DOE WARDEN, JOHN DOES 1-10 (fictitious names), and ABC ENTITIES 1-

10 (fictitious entities) all have direct personal oversight and control of the goings-on in Defendant

SOUTH WOODS STATE PRISON, including with respect to both the physical environment of

the prison and with respect to the conduct of the individual employees, and it was through their

knowing and deliberate indifference, while acting under color of State law, to Plaintiff's requests

to be moved, motivated by fear for his own safety, that his incident was permitted by the

Defendants to play out, and further, made worse by several Defendants' own excessive and

needless use of force upon Plaintiff, the victim.

### COUNT I
### § 1983 VIOLATION – 8th Amendment Claim
### CRUEL AND UNUSUAL PUNISHMENT
### As to Defendants South Woods State Prison, New
### Jersey Department of Corrections, Officer Carty,
### Officer Mercardo

56.     Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above,

and incorporates same as if fully set forth at length herein.

57.     The cruel and unusual punishment by the defendants listed in this count led to harm to

Plaintiff.

58.     Plaintiff specifically asked Defendant CARTY to move cells, to prevent himself from being

harmed by Defendant BUTLER, whom Plaintiff clearly identified as a danger to him, but

Defendant CARTY refused to move Plaintiff to an empty bunk, instead forcing him to share a cell with a man who posed a clear danger to Plaintiff.

59.     Plaintiff specifically asked Defendant MERCARDO to move cells, to prevent himself from being harmed by Defendant BUTLER, whom Plaintiff clearly identified as a danger to him by explaining the escalating situation with his bunkmate, but Defendant MERCARDO refused to move Plaintiff to an empty bunk, instead forcing him to share a cell with a man who posed a clear danger to Plaintiff.

60.     Forcing Plaintiff to share a cell with a man Defendants herein *knew* would attack Plaintiff constitutes cruel and unusual punishment, in violation of Plaintiff's 8th Amendment rights.

61.     Defendants MERCARDO and CARTY were employees and agents of Defendants SOUTH WOODS STATE PRISON and NEW JERSEY DEPARTMENT OF CORRECTIONS.

62.     All of the defendants listed in this count acted under the color of state law in their actions with regard to this case.

63.     Their actions deprived Plaintiff of his rights and led to his harm.

64.     Defendants in this count knew that Plaintiff was in present danger, as they were specifically told, but deliberately chose to lock Plaintiff in a cell with a man known to pose a danger to him, which constitutes a violation of Plaintiff's 8th Amendment right to be free from cruel and unusual punishments.

65.     There was an obvious, present, and substantial risk of serious harm to Plaintiff, that he would be harmed by another inmate.

66.     Defendants in this count knew the assault would take place, as they ignored multiple requests to be moved to a safer environment by Plaintiff, who warned them of the attack.

67.     Plaintiff would not have suffered the same harm and would have been completely protected if Defendants had not chosen to force him into an enclosed space with his known assailant; that is, if Plaintiff had been moved to a different empty bunk or with a safer bunkmate as he begged, he would not have been assaulted and battered by his then bunkmate.

68.     Since the Defendants knew of the facts that indicated a substantial risk to Plaintiff and chose to force him into that situation anyway, they facilitated an attack by another amendment and thus violated the Eight Amendment to the United States Constitution by subjecting Plaintiff to cruel and unusual punishment.

        **WHEREFORE**, Plaintiff CHRISTOPHER RADEL, demands judgment against the Defendants SOUTH WOODS STATE PRISON, NEW JERSEY DEPARTMENT OF CORRECTIONS, CARTY, and MERCARDO, for general, punitive, and compensatory damages, reasonable attorney's fees and costs of suit with interest, and any further relief which the court may deem equitable and just.

**COUNT II**
**§ 1983 VIOLATION – 8th Amendment Claim**
**FAILURE TO INTERVENE**
**As to Defendants South Woods State Prison, New**
**Jersey Department of Corrections, Officer Carty,**
**Officer Mercardo**

69.     Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above, and incorporates same as if fully set forth at length herein.

70.     The failure to intervene by the defendants listed in this count led to harm to Plaintiff.

71.     As explained in Count I, *supra*, Defendants SWSP, NJDOC, CARTY, and MERCARDO were subjecting Plaintiff to an 8th Amendment violation, namely, cruel and unusual punishment, by forcing him to occupy a cell with a man they knew would assault him.

72.     Plaintiff specifically asked Defendant CARTY to intervene to end the 8th Amendment violation and prevent himself from being harmed by asking to be moved, but Defendant CARTY refused to intervene and move Plaintiff to an empty bunk.

73.     Plaintiff specifically asked Defendant MERCARDO to intervene to prevent himself from being harmed and end the 8th Amendment violation, by informing Defendant MERCARDO of the escalating situation with his bunkmate, but Defendant MERCARDO refused to intervene and instead forced him back into the dangerous situation.

74.     Defendants MERCARDO and CARTY were employees and agents of Defendants SOUTH WOODS STATE PRISON and NEW JERSEY DEPARTMENT OF CORRECTIONS.

75.     All of the defendants listed in this count acted under the color of state law in their actions with regard to this case.

76.     Their actions deprived Plaintiff of his rights and led to his harm.

77.     Each of the Defendants named in this count knew that the other Defendants herein were violating Plaintiff's 8th Amendment rights by forcing him to share a cell with a man they knew would attack Plaintiff, putting Plaintiff in present danger, as they were specifically told. Each of the herein named Defendants had an opportunity to intervene and end this constitutional violation, and chose not to do so, constituting a failure to intervene.

78.     There was an obvious, present, and substantial risk of serious harm to Plaintiff, that he would be harmed by another inmate if the cruel and unusual punishment Plaintiff was being subjected to (sharing a cell with the man threatening to attack him) did not end.

79.     Defendants in this count were deliberately indifferent to that risk, which is why they ignored multiple requests to be moved to a safer environment by Plaintiff.

80.     Plaintiff would not have suffered the same harm and would have been completely protected if Defendants had chosen to act to protect and to not be deliberately indifferent, that is, if Plaintiff had been moved to a different empty bunk or with a safer bunkmate as he begged, he would not have been assaulted and battered by his then bunkmate.

81.     Since the herein named Defendants knew of the facts that indicated an ongoing 8th Amendment violation perpetuated by each of the other herein named Defendants, constituting a substantial risk to Plaintiff, and chose not to act or intervene to stop their fellow Defendants from continuing this 8th Amendment violation, they failed to protect him from an attack by another amendment and thus caused a further 8th Amendment violation due to their deliberate indifference to a substantial risk of serious harm to the Plaintiff.

        **WHEREFORE**, Plaintiff CHRISTOPHER RADEL, demands judgment against the Defendants SOUTH WOODS STATE PRISON, NEW JERSEY DEPARTMENT OF CORRECTIONS, Defendant CARTY, and Defendant MERCARDO, for general, punitive, and compensatory damages, reasonable attorney's fees and costs of suit with interest, and any further relief which the court may deem equitable and just.

### COUNT III
### *MONELL* CLAIM
### FAILURE TO TRAIN AND SUPERVISE
#### As to Defendants South Woods State Prison, New
#### Jersey Department of Corrections, John Doe
#### Warden

82.     Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above, and incorporates same as if fully set forth at length herein.

83.     Under the 8th Amendment, Plaintiff has a clearly established right to be free from cruel and unusual punishment, which includes the right to not be forced into a cell with someone known to be a direct danger to him.

84.    Defendants SOUTH WOODS STATE PRISON, NEW JERSEY DEPARTMENT OF CORRECTIONS, and John Doe Warden are each responsible, individually and collectively, for the management and or operations of the South Woods State Prison. This includes carrying out duties that are entrusted to them, including protecting residents at the prison.

85.    As such, these Defendants had a duty, among other things, to ensure that the employees, agents, and/or workmen who staff the South Woods State Prison are adequately and properly trained and supervised so as to perform their job functions properly without exhibiting dangerous characteristics, behaviors, tendencies, or customs which would otherwise endanger the inmates within the South Woods State Prison.

86.    South Woods State Prison in this count knew or had reason to know, given adequate and proper supervision, that the employees, agents, and/or workmen who staff the South Woods State Prison, specifically Defendant Mercado and Defendant Michael Carty, were inadequately and inappropriately trained and/or were inadequately and inappropriately supervised with respect to their respective job duties and functions.

87.    It is reasonably foreseeable that the SWSP staff who are inadequately and inappropriately trained to diligently keep on the look-out for the presence of potentially hazardous physical conditions, including violent inmates or the presence of a threat in the form of a person, could pose a risk of harm to inmates present in prison who may, therefore, come into contact with said condition.

88.    It is also reasonably foreseeable that the staff who are inadequately and inappropriately supervised to ensure compliance with any such training as aforesaid may not then abide by such training, and may, therefore, not diligently keep on the look-out for the presence of potentially hazardous conditions which could pose a risk of harm to inmates.

89.    Furthermore, when a potentially and presently hazardous situation presents itself to the staff of SWSP, with Plaintiff specifically describing the problem, pointing a solution, and begging for help in an email, it is reasonably foreseeable that SWSP staff ignoring this threat would lead to the suffering and harm that occurred in this situation.

90.    It is also reasonably foreseeable that ignoring pleas for help moments before the violent assault occurred in this situation would lead to said violent assault.

91.    Defendants owe such inmates, including the Plaintiff, a heightened duty of care given the special relationship which exists between them as Plaintiff's prisoners, and given that Plaintiff was, at all times relevant, in the exclusive care, custody, and control, of the Defendants listed in this count.

92.    Unfortunately, the herein named Defendants failed to exercise due care in ensuring that their employees were adequately and properly trained with respect to their ability to timely protect Plaintiff and prevent harm .

93.    As a direct and proximate result of the negligent failures, actions, and/or omissions of all herein named Defendants to adequately and properly train and supervise their employees, Plaintiff was caused to sustain significant bodily injury by hazardous conditions that those very employees, agents, would have otherwise timely detected and remediated but-for their inadequate and inappropriate training and supervision by the Defendants.

94.    The herein named Defendants had a training that was clearly inadequate to train its employees to carry out their duties, and a supervision program that failed to adequately supervise their employees in carrying out their duties.

95.     The herein named Defendants were deliberately indifferent to the violation of Plaintiff's constitutional rights and the constitutional rights of other similarly situated inmates that were likely to occur due to this failure to train.

96.     These constitutional violations were proximately caused by the deliberate indifference of Defendants, because they refused to listen to Plaintiff in his requests to be moved. This was clearly the wrong choice.

97.     Adequate training would have prevented a situation where a Plaintiff was forced into a cell with a man known to pose a danger to him.

98.     Adequate training would have taught Defendants CARTY and MERCARDO to heed credible warnings of imminent violence.

99.     Adequate training would have taught Defendant MERCADO to respond appropriately to Plaintiff's cries for help, and actually help him.

100.    Adequate supervision would have prevented Plaintiff from being forced to occupy a cell with a man who posed a danger to him and would have caused Officer MERCADO to heed Plaintiff's cries for help and respond appropriately.

101.    These failures to train and supervise amount to deliberate indifference by the herein named Defendants to the rights of persons within the NJ penal system.

102.    Additionally, these failures were part of an extensive and ongoing pattern of other such failures, and the herein named Defendants had notice of this pattern of failures, as evidenced by the multitude of incidents. This incident and others like them put the herein named Defendants on notice of the inadequacy of their training in use of force.

103.    The herein named Defendants knew this was an ongoing problem caused by a failure to train employees in the use of force that they would encounter again, yet to date, they have not addressed it.

104.    The herein named Defendants' failure to properly train and supervise their employees was the direct and proximate cause of the Defendants CARTY and MERCADO's violation of Plaintiff's 8th Amendment rights. This and other similar constitutional violations stretch back years and extend until the present day. This pattern is a direct result of the herein named Defendants' failure to properly train and supervise their employees.

**WHEREFORE**, Plaintiff CHRISTOPHER RADEL demands judgment against the Defendants SOUTH WOODS STATE PRISON, NEW JERSEY DEPARTMENT OF CORRECTIONS, and JOHN DOE WARDEN for general, punitive, and compensatory damages, reasonable attorney's fees and costs of suit with interest, and any further relief which the court may deem equitable and just.

**COUNT IV**
**§ 1983 VIOLATION – 8th Amendment Claim**
**EXCESSIVE FORCE**
**As to Defendants Officer Swain and Officer Canion**

105.    Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above, and incorporates same as if fully set forth at length herein.

106.    Plaintiff has an 8th Amendment right to be free from cruel and unusual punishment, namely excessive force.

107.    Defendants CANION and SWAIN approached the room that Plaintiff was in after being alerted to a Code 33.

108.   There, Plaintiff was being battered and violently hurt by Defendant Alexander Butler and using his best attempts to defend himself.

109.   When ordered to stand down and cease fighting, Plaintiff immediately complied and got on the ground, as Officer Hulitt claimed.

110.   Defendant Alexander Butler did not comply and did not stand down in his violence.

111.   Inexplicably, Defendants SWAIN and CANION then used OC spray on both Defendant BUTLER *and* Plaintiff, who was complying.

112.   Not only that, Defendants SWAIN and CANION began beating Plaintiff with their OC spray cannisters, something that is surely against prison policy, and unreasonable on its face.

113.   Defendant SWAIN and Defendant CANION knew that this force was unreasonable, given that one of the inmates had already stood down and using something as drastic as OC spray would affect everyone in the room, not only the person fighting, and given that it is never appropriate or sanctioned for officers to use OC spray cannisters as bludgeons.

114.   The OC spray was not used in a good faith effort to restore discipline, considering discipline was already restored on the side of Plaintiff, nor were the OC cannisters used as bludgeons against Plaintiff in good faith, given the likely violation of prison policy and the inherent unreasonableness of using the cannisters in a way that differs from their intended purpose.

115.   The use of force could only have been used against Plaintiff to cause harm, because he was already complying.

116.   The use of force against the Plaintiff was completely unnecessary, given that his compliance could have simply resulted in the officers detaining Defendant BUTLER.

117.   Defendants made no effort to temper the severity of the force and were quick to use the spray.

118.    It is specifically after Plaintiff complied and got on the ground, as Officer Hulitt says, that OC spray was used, when he was no longer possibly a threat.

119.    The courts have ruled that when prison officials maliciously use force, standards of decency are always violated, regardless of whether significant injury is present.

120.    That said, Plaintiff has suffered a significant injury continues to have eye irritation from the damage from the OC spray that was unnecessarily used.

   **WHEREFORE**, Plaintiff CHRISTOPHER RADEL, demands judgment against the Defendants CANION and SWAIN, for general, punitive, and compensatory damages, reasonable attorney's fees and costs of suit with interest, and any further relief which the court may deem equitable and just.

**COUNT V**
**§ 1983 VIOLATION – 8th Amendment Claim**
**FAILURE TO INTERVENE**
**As to Defendants As to Defendants South Woods**
**State Prison, New Jersey Department of**
**Corrections, Officer Swain, and Officer Canion**

121.    Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above, and incorporates same as if fully set forth at length herein.

122.    The failure to intervene by the defendants listed in this count led to harm to Plaintiff.

123.    As explained in Count IV, *supra*, Defendants SWAIN and CANION were subjecting Plaintiff to an 8th Amendment violation, namely, cruel and unusual punishment, by battering him with excessive force.

124.    Each of the herein named Defendants observed the other violating Plaintiff's 8th Amendment right to be free from cruel and unusual punishment when they witnessed the other beating Plaintiff and unnecessarily deploying OC spray on Plaintiff, yet rather than intervene to stop the other Defendant, each of them instead participating in carrying out the attack.

125.    Defendants SWAIN and CANION were employees and agents of Defendants SOUTH WOODS STATE PRISON and NEW JERSEY DEPARTMENT OF CORRECTIONS.

126.    All of the defendants listed in this count acted under the color of state law in their actions with regard to this case.

127.    Their actions deprived Plaintiff of his rights and led to his harm.

128.    Each of the Defendants named in this count knew that the other Defendant herein was violating Plaintiff's 8th Amendment rights by beating him and needlessly deploying OC spray on him. Each of the herein named Defendants had an opportunity to intervene and end this constitutional violation, and chose not to do so, constituting a failure to intervene.

129.    There was an obvious, present, and substantial risk of serious harm to Plaintiff, that he would be harmed by the beating and deployment of OC spray if the cruel and unusual punishment Plaintiff was being subjected to (excessive force) did not end.

130.    Defendants in this count were deliberately indifferent to that risk, which is why they ignored Plaintiff's cries and arguments and instead continued carrying out the attack.

131.    Plaintiff would not have suffered the same harm and would have been protected if Defendants had chosen to act to protect and to not be deliberately indifferent, that is, if either Defendant had stopped the other from attacking Plaintiff as soon as the attack began, Plaintiff would have avoided the injuries inflicted by the herein named Defendants.

132.    Since the herein named Defendants knew of the facts that indicated an ongoing 8th Amendment violation perpetuated by each of the other herein named Defendants, constituting a substantial risk to Plaintiff, and chose not to act or intervene to stop their fellow Defendants from continuing this 8th Amendment violation, they failed to protect him from an attack by another

amendment and thus caused a further 8th Amendment violation due to their deliberate indifference to a substantial risk of serious harm to the Plaintiff.

**WHEREFORE**, Plaintiff CHRISTOPHER RADEL, demands judgment against the Defendants SOUTH WOODS STATE PRISON, NEW JERSEY DEPARTMENT OF CORRECTIONS, Defendant SWAIN, and Defendant CANION, for general, punitive, and compensatory damages, reasonable attorney's fees and costs of suit with interest, and any further relief which the court may deem equitable and just.

**COUNT VI**
***MONELL* CLAIM**
**FAILURE TO TRAIN AND SUPERVISE**
**As to Defendants South Woods State Prison, New**
**Jersey Department of Corrections, John Doe**
**Warden**

133.    Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above, and incorporates same as if fully set forth at length herein.

134.    Under the 8th Amendment, Plaintiff has a clearly established right to be free from cruel and unusual punishment, which includes the right to be free from excessive force.

135.    Defendants SOUTH WOODS STATE PRISON, NEW JERSEY DEPARTMENT OF CORRECTIONS, and JOHN DOE WARDEN, are each responsible, individually and collectively, for the management and or operations of the South Woods State Prison. This includes carrying out duties that are entrusted to them, including protecting residents at the prison.

136.    As such, these Defendants had a duty, among other things, to ensure that the employees, agents, and/or workmen who staff the South Woods State Prison are adequately and properly trained and supervised so as to perform their job functions properly, including training in the reasonable use of force.

137.    South Woods State Prison in this count knew or had reason to know, given adequate and proper supervision, that the employees, agents, and/or workmen who staff the South Woods State Prison, specifically Defendant Mercado and Defendant Michael Carty, were inadequately and inappropriately trained and/or were inadequately and inappropriately supervised with respect to the reasonable use of force.

138.    It is reasonably foreseeable that the SWSP staff who are inadequately and inappropriately trained in the reasonable use of force could pose a risk of harm to inmates present in the prison who may, therefore, come into contact with officers lacking such training.

139.    It is also reasonably foreseeable that the staff who are inadequately and inappropriately supervised to ensure compliance with any such training as aforesaid may not then abide by such training, and may, therefore, use excessive force.

140.    Furthermore, when a situation involving the use of force presents itself to the staff of SWSP, with Defendants SWAIN and CANION specifically witnessing each other use excessive force in violation of Plaintiff's 8th Amendment rights, as set forth in Count IV, *supra*, it is reasonably foreseeable that SWSP staff ignoring this misuse of force and carrying out this misuse of force would lead to the suffering and harm that occurred in this situation.

141.    It is also reasonably foreseeable that ignoring pleas to stop during the violent assault that occurred in this situation would lead to the continuation of said violent assault and misuse of force.

142.    Defendants owe such inmates, including the Plaintiff, a heightened duty of care given the special relationship which exists between them as Plaintiff's prisoners, and given that Plaintiff was, at all times relevant, in the exclusive care, custody, and control, of the Defendants listed in this count.

143.    Unfortunately, the herein named Defendants failed to exercise due care in ensuring that their employees were adequately and properly trained and supervised in their use of force.

144.    As a direct and proximate result of the negligent failures, actions, and/or omissions of all herein named Defendants to adequately and properly train and supervise their employees in the proper use of force, Plaintiff was caused to sustain significant bodily injury by the use of excessive force that resulted from improper training and supervision, and that proper training and supervision would have prevented.

145.    The herein named Defendants had a training that was clearly inadequate to train its employees in the proper use of force, and clearly had inadequate supervision of their employees in the use of force.

146.    The herein named Defendants were deliberately indifferent to the violation of Plaintiff's constitutional rights and the constitutional rights of other similarly situated inmates that were likely to occur due to this failure to train and supervise.

147.    These constitutional violations were proximately caused by the deliberate indifference of Defendants, because they Plaintiff's pleas to stop hurting him for no reason, and chose to use excessive force and inflict injury on the Plaintiff for no reason. This was clearly the wrong choice.

148.    Adequate training would have taught Defendants CANION and SWAIN that OC spray should not be used on an inmate that is complying and not fighting.

149.    Adequate training would have taught Defendants CANION and SWAIN those physical attacks should not be used on an inmate that is complying and not fighting.

150.    Adequate training would have taught Defendants CANION and SWAIN that OC spray cannisters should never be used as weapons on an inmate, especially one that is complying and not fighting.

151.    Adequate supervision would have prevented the misuse of physical force, OC spray, and OC spray cannisters.

152.    These failures to train and supervise amount to deliberate indifference by the herein named Defendants to the rights of persons within the NJ penal system.

153.    Additionally, these failures were part of an extensive and ongoing pattern of other such failures, and the herein named Defendants had notice of this pattern of failures, as evidenced by the multitude of incidents. This incident and others like them put the herein named Defendants on notice of the inadequacy of their training in use of force.

154.    The herein named Defendants knew this was an ongoing problem caused by a failure to train employees in the use of force that they would encounter again, yet to date, they have not addressed it.

155.    The herein named Defendants' failure to properly train their employees was the direct and proximate cause of the Defendants SWAIN and CANION's use of excessive force against Plaintiff in violation of his constitutional rights. This and other similar constitutional violations stretch back years and extend until the present day. This pattern is a direct result of the herein named Defendants' failure to train their employees in the proper use of force.

**WHEREFORE**, Plaintiff CHRISTOPHER RADEL demands judgment against the Defendants SOUTH WOODS STATE PRISON, NEW JERSEY DEPARTMENT OF CORRECTIONS, and JOHN DOE WARDEN for general, punitive, and compensatory damages, reasonable attorney's fees and costs of suit with interest, and any further relief which the court may deem equitable and just.

**COUNT VII**
**§ 1983 VIOLATION – 8th Amendment Claim**
**FAILURE TO INTERVENE AND PROTECT FROM ATTACK**

### As to Defendants Officer Mercardo, South Woods
### State Prison, and John Doe Warden

156.    Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above, and incorporates same as if fully set forth at length herein.

157.    Plaintiff contends that Defendants SWAIN and CANION used excessive force when they used OC spray on him, while he was on the ground and complying and not fighting.

158.    This violated his 8th Amendment right to be free from cruel and unusual punishment, including excessive force.

159.    Defendants MERCARDO, SWSP, John Doe Warden, and other officers present are liable for that violation because each refused to intervene to stop it.

160.    The violation of his rights by excessive force was clear and everyone present and able had the opportunity to intervene.

161.    The herein named Defendants had a duty to intervene to prevent the use of excessive force by their fellow officers.

162.    The defendants also had a reasonable opportunity to intervene, given that they witnessed what was happening and heard the initial warning.

163.    They saw that Plaintiff complied and that Defendant BUTLER did not comply, but allowed Defendants SWAIN and CANION to use OC spray and strike Plaintiff regardless.

164.    Defendants stated here thus failed to intervene which resulted in the violation of Plaintiff's constitutional rights.

165.    There was an obvious, present, and substantial risk of serious harm to Plaintiff, that he would be harmed by the beating and deployment of OC spray if the cruel and unusual punishment Plaintiff was being subjected to (excessive force) did not end.

166.    Defendants in this count were deliberately indifferent to that risk, which is why they ignored Plaintiff's cries and arguments and instead continued carrying out the attack.

167.    Plaintiff would not have suffered the same harm and would have been protected if the herein named Defendants had chosen to act to protect and to not be deliberately indifferent, that is, any of them had stopped Defendants SWAIN and CANION from attacking Plaintiff as soon as the attack began, Plaintiff would have avoided the injuries inflicted by the herein named Defendants.

168.    Since the herein named Defendants knew of the facts that indicated an ongoing 8th Amendment violation perpetuated by each of the other herein named Defendants, constituting a substantial risk to Plaintiff, and chose not to act or intervene to stop their fellow Defendants from continuing this 8th Amendment violation, they failed to protect him from an attack by another amendment and thus caused a further 8th Amendment violation due to their deliberate indifference to a substantial risk of serious harm to the Plaintiff.

**WHEREFORE**, Plaintiff CHRISTOPHER RADEL, demands judgment against the Defendants SOUTH WOODS STATE PRISON, NEW JERSEY DEPARTMENT OF CORRECTIONS, and DEFENDANT MERCARDO, for general, punitive, and compensatory damages, reasonable attorney's fees and costs of suit with interest, and any further relief which the court may deem equitable and just.

**COUNT VIII**
**§ 1985(3) VIOLATION**
**CIVIL CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS**
**As to Defendants Officer Swain and Officer Canion**

169.    Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above, and incorporates same as if fully set forth at length herein.

170.    Plaintiff was deprived of his rights of safety and basic decency when Defendants CANION and SWAIN used OC spray on him together, and hit him with their OC spray cannisters.

171.    Both defendants listed here conspired for the purpose of depriving Plaintiff equal protection and privileges.

172.    Specifically, they conspired to prevent by force and intimidation, Plaintiff's right to safety and protection by the state.

173.    Because both Defendant SWAIN and Defendant CANION conspired to do so, Plaintiff is entitled to recovery of damages as described in §1985 (3).

**WHEREFORE**, Plaintiff CHRISTOPHER RADEL, demands judgment against the Defendants CANION and SWAIN, for general, punitive, and compensatory damages, reasonable attorney's fees and costs of suit with interest, and any further relief which the court may deem equitable and just

## COUNT IX
### NEGLIGENCE
**As To Defendants SOUTH WOODS STATE PRISON, NEW JERSEY DEPARTMENT OF CORRECTIONS, JOHN DOE WARDEN, Defendant CARTY, Defendant MERCARDO, Defendant SWAIN, and Defendant CANION**

174.    Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above, and incorporates same as if fully set forth at length herein.

175.    As evident by now, Defendants listed in this count had a clear duty to protect inmates from all foreseeable harm.

176.    Defendants in this count had a special relationship to Plaintiff, where Plaintiff's safety and care was entrusted exclusively to Defendants.

177.    This special relationship created a very clear duty.

178.   This duty was breached by the actions of Defendants. The breach occurred in multiple situations in this case.

179.   When Defendant MICHAEL CARTY replied to the email by Plaintiff in which Plaintiff begs for protection from Defendant BUTLER, he breached his duty by replying a month late to an emergency situation.

180.   When Defendant MICHAEL CARTY replied to the email by Plaintiff in which Plaintiff begs for protection from Defendant BUTLER, he breached his duty by refusing to give assistance to Plaintiff and giving instead a generic response about inmates not having preference over bunking.

181.   When Defendant MERCARDO was approached by Plaintiff after Defendant BUTLER's initial aggression, he ignored Plaintiff's cries and instead condescendingly asked if he was refusing to get in the bunk. By ignoring the danger explained to him by Plaintiff, Defendant MERCARDO breached his duty owed to Plaintiff.

182.   When Defendants CANION and SWAIN were alerted to the assault occurring, they came to the room and along with others, used OC spray on Plaintiff, despite Plaintiff not fighting back not being an aggressor in the situation. This breached their duty.

183.   Furthermore, when Defendant MERCARDO lied in his report that he was doing a routine check of bunks and witnessed a fight, he breached his duty to tell the truth.

184.   Defendant MERCARDO breached his own duty to recount an accurate assessment of what occurred, when he stated Plaintiff was actively fighting the bunkmate.

185.   Defendant MERCARDO breached his own duty to tell the truth when he stated, "At no time did Radel inform me of any assault on incident mentioned above".

186.    Defendants CANION and SWAIN breached their duty to tell the truth when they lied in their report that Plaintiff refused to comply. This directly contradicts a statement by Officer Hulitt that Plaintiff did comply and did not fight

187.    As agents and employees of South Woods State Prison, Defendant SWSP is directly responsible for other Defendant employees' actions.

188.    When Plaintiff was placed in solitary confinement for him being the one battered and assaulted, the duty to Plaintiff was breached.

189.    The actions of Defendants listed in this Count specifically and directly caused harm to Plaintiff.

190.    If not for the actions of Defendant MICHAEL CARTY, Defendant MERCARDO, Defendant CANION, Defendant SWAIN, Defendant SOUTH WOODS STATE PRISON, and Defendant NEW JERSEY DEPARTMENT OF CORRECTIONS, Plaintiff would not have sustained the harm that he did.

191.    The negligence of the herein named Defendants was the direct, but-for, and proximate cause of Plaintiff's injuries.

192.    Plaintiff sustained clear damages in this situation, including horrible, disfiguring scars that are from the bites and broken nose, along with suffering extreme pain, eye irritation, PTSD, nightmares, panic attacks, and more, all of which he has sought medical treatment for.

**WHEREFORE**, Plaintiff CHRISTOPHER RADEL, demands judgment against the Defendants SOUTH WOODS STATE PRISON, NEW JERSEY DEPARTMENT OF CORRECTIONS, JOHN DOE WARDEN, CARTY, Defendant MERCARDO, Canion, and SWAIN general, punitive, and compensatory damages, reasonable attorney's fees and costs of suit with interest, and any further relief which the court may deem equitable and just.

<u>COUNT VII</u>
**NEGLIGENCE – PREMISES LIABILITY**
**As To All Defendants**

193.    Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above, and incorporates same as if fully set forth at length herein.

194.    At all times relevant herein, Plaintiff, CHRISTOPHER RADEL, was an inmate at Defendant SOUTH WOODS STATE PRISON ("the subject premises"), a state prison located in Cumberland County, New Jersey.

195.    As an inmate, Plaintiff was in the care, custody, and control of all of the Defendants named in this Count, and Defendant NEW JERSEY DEPARTMENT OF CORRECTIONS, and thus, a special relationship existed between Plaintiff as an inmate, and the Defendants as his respective prisoners.

196.    This special relationship – arising whether from statute or common law – between Plaintiff and the Defendants, gave rise to a heightened duty of care on the part of the Defendants to take reasonable affirmative actions to protect Plaintiff from harm as a result of potentially hazardous conditions present upon the subject premises. The facility assumed a duty to protect Plaintiff from known serious risks to his safety.

197.    As such, these Defendant had a duty to take reasonable action, both precautionary and remedial in nature, to provide for the safety of Plaintiff, their inmate.

198.    Defendants had a duty, among other things, to perform reasonable inspections of the premises and provide for the safety of the inmates. Defendants had a duty to listen to an inmate about a known clear and present danger about to occur.

199.    Further, these Defendants had a duty, at a minimum, to listen to Plaintiff's consent and assure his safety. present on or within the subject premises.

200.    Defendants had clear knowledge of the situation and were specifically told through email of the situation.

201.    Further, it is reasonably foreseeable that if such a warning is not heeded, what is being warned about will occur. Defendants were given every reason to believe the events were a possibility and did nothing about it. Thus, they had actual knowledge of the danger in the situation.

202.    At all times described herein, Defendants failed and neglected to take such reasonable affirmative actions so as to provide for the safety of their inmates, for example, by surveying potentially dangerous inmates and placing them in appropriate places.

203.    Even so, at all times described herein, these Defendants did so carelessly and negligently maintain the aforedescribed premises so as to allow same to become and/or remain in an unsafe and dangerous condition and were otherwise negligent.

204.    As a result of the tortious and negligent failures of these Defendants as aforesaid, Plaintiff was caused to sustain, and in fact did sustain, serious bodily injuries of both a temporary and permanent nature requiring medical treatment in connection therewith.

WHEREFORE, Plaintiff CHRISTOPHER RADEL, demands judgment against the Defendants SOUTH WOODS STATE PRISON, NEW JERSEY DEPARTMENT OF CORRECTIONS, and JOHN DOE WARDEN Defendant MICHAEL CARTY, and DEFENDANT MERCARDO, for general, compensatory and punitive damages, reasonable attorney's fees and costs of suit with interest, and any further relief which the court may deem equitable and just.

## COUNT VIII
**VIOLATING THE NEW JERSEY CIVIL RIGHTS ACT (SECTION 10:6-2)**
**As To Defendants SOUTH WOODS STATE PRISON, NEW JERSEY DEPARTMENT OF CORRECTIONS, JOHN DOE WARDEN, Defendant CARTY, Defendant MERCARDO, Defendant SWAIN, and Defendant CANION**

205.    Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above, and incorporates same as if fully set forth at length herein.

206.    N.J.S.A § 10:6-2(c), of the New Jersey Civil Rights Act, states, in pertinent part:

> Any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief.

207.    In addition, N.J.S.A § 10:6-2(c), of the New Jersey Civil Rights Act, states, in pertinent part

> Any person who deprives, interferes or attempts to interfere by threats, intimidation or coercion with the exercise or enjoyment by any other person of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State is liable for a civil penalty for each violation.

The court or jury, as the case may be, shall determine the appropriate amount of the penalty. Any money collected by the court in payment of a civil penalty shall be conveyed to the State Treasurer for deposit into the State General Fund

208.    The defendants violated the civil rights of Plaintiff, while acting under color of State law when they allowed him to be injured when they had clear opportunities to prevent this injury.

209.    The defendants deprived and interfered with the rights of Plaintiff that are granted and secured by the Constitution of the United States and Constitution of the state.

210.    Defendants listed in this count had direct knowledge of the excessive risks to inmate safety present at SWSP as they were told by Plaintiff of this.

211.    Defendants ignored their knowledge and did not do anything to curtail this from taking place at SWSP.

212.    "The New Jersey Department of Corrections has a penological interest to ensure correctional facilities are operated in a safe and orderly fashion, which is why the DOC prohibits all forms of violence."

213.    Yet, Defendants knew of this violence and did not enforce this prohibition when they knew of the strong likelihood it would occur.

214.    At all times relevant, Plaintiff was incarcerated with the New Jersey Department of Corrections, the facility assumed a duty to protect the Plaintiff from known serious risks to safety.

215.    Defendants knew of the risks to inmate safety and committed a failure to protect, a failure to train and supervise, by letting the bunkmate assault Plaintiff and not doing anything.

216.    This creates a violation of a cruel and unusual punishment clause of the 8th Amendment. At all times, Defendants were acting under the color of law and required to obey the constitution.

217.    Plaintiff had a right to be free from cruel and unusual punishment from agents of the DOC, which was violated when harm was caused by the employees and more importantly, when they used OC spray on him when he was complying, per Officer Hulitt.

218.    Plaintiff's rights, as aforesaid, and arising under the Fourteenth Amendment are rights, privileges, or immunities within the meaning of N.J.S.A. 10:6-2(c), and as a direct and proximate result of the unlawful conduct of the Defendants named in this Count, Plaintiff was deprived of his exercise and enjoyment of same.

219.    The New Jersey Civil Rights Act entitles Plaintiff to injunctive relief, damages, and recovery of attorney fees and costs of suit in bringing this action against Defendants, pursuant to N.J.S.A § 10:6-2(f), which provides:

> In addition to any damages, civil penalty, injunction or other appropriate relief awarded in an action brought pursuant to subsection c. of this section, the court may award the prevailing party reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff prayers for relief as follows: finding that the constitutional rights of Plaintiff have been violated through conduct of Defendants, awarding general, punitive, and compensatory fees, and attorney's fees and costs pursuant to N.J.S.A § 10:6-2(f).

## COUNT IX
### ASSAULT
### As to Defendants ALEXANDER BUTLER

220.    Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above, and incorporates same as if fully set forth at length herein.

221.     Defendant ALEXANDER BUTLER made a series of escalating comments to Plaintiff indicating that violence would ensue, putting Plaintiff in reasonable fear for his safety.

222.     Defendant purposely hit Plaintiff when Defendant stated his belief that Plaintiff had stolen his shirt, putting Plaintiff in reasonable fear of future attacks.

223.     Plaintiff reasonably believed Defendant's threats. These threats and the first attack caused Plaintiff a reasonable apprehension of an imminent, offensive or unwanted physical contact.

     **WHEREFORE**, Plaintiff demands judgment against Defendant ALEXANDER BUTLER for general, punitive, and compensatory damages, reasonable attorney's fees and costs of suit with interest, and any further relief which the court may deem equitable and just.

### COUNT X
### BATTERY
### As to Defendants ALEXANDER BUTLER

224.     Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above, and incorporates same as if fully set forth at length herein.

225.     Defendant BUTLER intentionally touched the body of Plaintiff in a harmful or offensive manner without his permission.

226.     Defendant BUTLER intentionally punched, kicked, and bit Plaintiff in a harmful manner without his permission.

227.     As a result of Defendant BUTLER's violence, Plaintiff has horrible, disfiguring scars that are from the bites and broken nose, along with suffering extreme pain, eye irritation, PTSD, nightmares, panic attacks, and more, all of which he has sought medical treatment for.

228.     This and the assault were both accounted by both Plaintiff and all of the officers who witnessed Defendant fighting Plaintiff, which resulted in Defendant BUTLER receiving a punishment.

**WHEREFORE**, Plaintiff demands judgment against Defendant ALEXANDER BUTLER for general, punitive, and compensatory damages, reasonable attorney's fees and costs of suit with interest, and any further relief which the court may deem equitable and just.

## COUNT XI
### BATTERY
### As to Defendants CANION and SWAIN

229.   Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above, and incorporates same as if fully set forth at length herein.

230.   Defendants CANION and SWAIN intentionally used force to the body of Plaintiff in a harmful or offensive manner without the other person's consent, without any justification to.

231.   When Defendants used OC spray on Plaintiff and beat him with their OC spray cannisters, they did so without permission and without justification, because per Office Hulitt, Plaintiff complied with orders to not fight and immediately got on the ground.

232.   Thus, any justification to use the OC spray or physical violence on Plaintiff dissolves, because of Plaintiff's compliance and simply listening to the orders. In fact, he received the same harm as he would have had he not complied.

233.   Plaintiff continues to suffer from eye irritation due to this.

**WHEREFORE**, Plaintiff demands judgment against Defendants CANION and SWAIN for general, punitive, and compensatory damages, reasonable attorney's fees and costs of suit with interest, and any further relief which the court may deem equitable and just.

## COUNT XII
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### As to all defendants

234.   Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above, and incorporates same as if fully set forth at length herein.

235.    Defendant BUTLER acted intentionally or recklessly when he violently assaulted Plaintiff.

236.    Defendant BUTLER's actions show deliberate disregard of a high degree of probability that emotional distress will follow.

237.    Defendant BUTLER acted in conduct that was extreme and outrageous. The conduct was so outrageous in character and so extreme in degree, to bite and punch someone for no reason, that it was beyond all bounds of decency and should be intolerable in a community.

238.    As a result of Defendant BUTLER's conduct, Plaintiff has experienced severe emotional distress.

239.    Defendant BUTLER was the proximate cause of the plaintiff's emotional distress.

240.    Likewise, the actions of Defendant MERCARDO, Defendant NEW JERSEY DEPARTMENT OF CORRECTIONS, Defendant MICHAEL CARTY, Defendant CANION, and Defendant SWAIN caused Plaintiff severe emotional distress.

241.    Their collective actions in ignoring the pleas of Plaintiff for assistance were extremely reckless, from one month before the incident when Plaintiff asked to be moved and Defendant CARTY refused to allow this, to the actual day of the incident when Plaintiff begged Defendant MERCARDO for help moments before the assault, to the assault itself when Defendants CANION and SWAIN used OC spray and physical force on Plaintiff, despite him complying and getting on the ground.

242.    It is reasonably foreseeable that not helping a person whom a special duty is owed to when they are begging for help, will cause severe emotional distress.

243.    It is reasonably foreseeable that unfairly using OC spray and physical force against a submissive target who did nothing wrong will cause severe emotional distress.

244.    The actions of Defendants were not in the bounds of decency.

245.    No reasonable person should be subject to endure such distress. The average person would also be genuinely distressed by the actions of Defendants.

246.    The emotional distress suffered by Plaintiff in this situation was so severe that no reasonable person could be expected to endure such distress. Plaintiff continues to have PTSD, panic attacks, and nightmares because of this situation and is on medication for this.

<u>**COUNT XIII**</u>
**TORTIOUS CONDUCT OF FICTITIOUS INDIVIDUALS AND ENTITIES**
**As to Defendants JOHN DOES 1-10 and ABC ENTITIES 1-10**

247.    Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above, and incorporates same as if fully set forth at length herein.

248.    At all times relevant to this action, Defendants JOHN DOES 1-10 and ABC ENTITIES 1-10, are fictitious names for Defendant individuals and entities whose identities are unknown at present, but who constitute persons, partnerships, joint ventures, corporations, associations, or other forms of private business entities who participated in the tortious actions of Defendants described herein, whether by way of their negligence or in other ways as yet undetermined.

249.    As a direct and proximate results of the negligence and/or tortious conduct of Defendants JOHN DOES 1-10 and ABC ENTITIES 1-10, Plaintiff has been caused to suffer, and in fact did suffer, significant damages.

250.    Plaintiff alleges an insufficient opportunity to determine the identity of all individuals or business entities whose actions or omissions may be potentially responsible in whole or in part for the damages incurred by Plaintiff.

251.    As such, Plaintiff specifically reserves the right to name additional individuals or entities as Defendants to this action, when and if their identities become known to Plaintiff.

**WHEREFORE**, Plaintiff CHRISTOPHER RADEL, demands judgment against the Defendants JOHN DOES 1-10 and ABC ENTITIES 1-10, for general, compensatory, and punitive damages, reasonable attorney's fees and costs of suit with interest, and any further relief which the court may deem equitable and just.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Christopher Radel, prays for relief as to all counts as follows:

1) For judgement against the Defendants jointly, severally, and alternatively, for general, compensatory, punitive, and exemplary damages, with interest;

2) Reasonable attorney's fees and costs of suit pursuant to 42 U.S.C. 1988 and/or N.J.S.A § 10:6-2(f); and

3) For such other further relief as the Court may deem equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff Christopher Radel demands a trial by jury on all issues so triable, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: July 22, 2022                LENTO LAW GROUP, P.C.

BY: _____
SAMUEL D. JACKSON, ESQUIRE
NJ State Bar No. 130452017
300 Atrium Way, Suite 200
Mt. Laurel, New Jersey 08054
856.652.2000 (Office)
856.375.1010 (Fax)
sdjackson@lentolawgroup.com
Attorney for Plaintiff
TRIAL COUNSEL