UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER RADEL, an individual<br>Plaintiff(s)<br><br>v.<br><br>MICHAEL CARTY, in his individual capacity, OFFICER MERCADO, in his individual capacity, OFFICER CANION, in his individual capacity, OFFICER SWAIN, in his individual capacity, ADMINSTRATOR KEISHA FISHER, in her individual capacity, ALEXANDER J. BUTLER, an individual, JOHN DOES 1-10 (fictitious names) in their capacities, and ABC ENTITIES 1-10 (fictitious entities) j/s/a<br><br>Defendant(s) | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:     **CIVIL ACTION NO.: 1:22-cv-04697-CPO-MJS** |

---

BRIEF IN SUPPORT OF DEFENDANTS, CARTY, MERCADO, CANION AND SWAIN'S
MOTION FOR SUMMARY JUDGMENT

---

Kent & McBride, P.C.
1040 Kings Highway North
Suite 600
Cherry Hill, NJ 08034
*Attorney for Defendants Carty, Mercado, Canion and Swain*
charley@kentmcbride.com
(856) 382-3677

Caitlin A. Harley, Esquire
On the Brief

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT .......................................................................1

PROCEDURAL HISTORY............................................................................1

STATEMENT OF FACTS ............................................................................1

STANDARD OF REVIEW ............................................................................2

LEGAL ARGUMENT

POINT I

    MOVING DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S FAILURE TO PROTECT CLAIM BECAUSE HE HAS NOT ADDUCED EVIDENCE SUFFICIENT TO SUPPORT HIS CLAIM.. ...........................3

        A.  Plaintiff has failed to adduce evidence demonstrating he was incarcerated under conditions posing a substantial risk of serious harm .... ...............................4

        B.  Plaintiff has failed to establish evidence that Moving Defendants were deliberately indifferent to a substantial risk to his health and safety .....................5

        C.  Plaintiff has failed to establish that deliberate indifference by Moving Defendants caused him harm .... ...............................................................7

POINT II

    PLAINTIFF'S STATE LAW CLAIMS AGAINST MOVING DEFENDANTS FAIL BECAUSE HE DID NOT FILE A TORT CLAIMS NOTICE ...........................................8

POINT III

    PLAINTIFF'S CRUEL AND UNUSUAL PUNISHMENT CLAIM MUST FAIL BECAUSE PLAINTIFF HAS NOT SATISFIED THE SUBJECTIVE NOR OBJECTIVE REQUIREMENT AS TO CULPABILITY OF THE MOVING DEFENDANTS……...10

        A. Plaintiff Cannot Satisfy the Subjective Prong because No Force was Used……10

B.If the Court Believes the Subjective Prong is Satisfied, the Objective Prong
Must be Considered, which Plaintiff Cannot Satisfy…………………………11


POINT IV

PLAINTIFF'S FAILURE TO PROTECT CLAIM ALSO FAILS BECAUSE HE
CANNOT SHOW THAT MOVING DEFENDANTS HAD A REASONABLE
OPPORTUNITY TO INTERVENE AND REFUSED TO DO SO.. ...............................12

A.  Moving Defendants did not have a reasonable opportunity to intervene before
the physical altercation because it was not reasonably foreseeable .....................12

B.  Once the physical altercation began, Moving Defendants Mercado, Swain and
Canion took reasonable steps to intervene ...……………………………………13

POINT V

SUMMARY  JUDGMENT  SHOULD  BE  GRANTED  TO  THE  MOVING
DEFENDANTS BECAUSE THEY ARE ENTITLED TO QUALIFIED IMMUNITY...14

A.    Moving  Defendants'  conduct  did  not  violate  a  federal  statutory  or
constitutional right .... .........................................................................15

B.  Moving Defendants are entitled to qualified immunity because there was no
clearly established precedent that their actions were unlawful .............................16

POINT VI

SUMMARY JUDGMENT SHOULD BE GRANTED AS TO PLAINTIFF'S CLAIMS
FOR COMPENSATORY DAMAGES AND PUNITIVE DAMAGES.. .........................18


CONCLUSION......................................................................................................20

# **TABLE OF AUTHORITIES**

**Cases**

*Anderson v. Liberty Lobby, Inc.,*
  477 U.S. 242 (1986)..................................................................................................... 2

*Ashcroft v. Al-Kidd,*
  563 U.S. 731 (2011)................................................................................................... 16

*Atkinson v. Taylor,*
  316 F.3d 257 (3d Cir. 2003)...................................................................................... 4, 7

*Awal v. Hollingsworth,*
  No. CV 17-8486, 2018 WL 1003831 (D.N.J. Feb. 21, 2018)...................................... 4

*Baldwin v. Brown,*
  No. CV 18-16213, 2019 WL 4187578 (D.N.J. Sept. 4, 2019) ................................... 6

*Beers–Capitol v. Whetzel,*
  256 F.3d 120 (3d Cir.2001)........................................................................................ 5

*Bistrian v. Levi,*
  696 F.3d 352 (3d Cir. 2012)................................................................................... 4, 5, 6

*Bizzell v. Tennis,*
  447 Fed.App'x. 112 (3d Cir. 2011)........................................................................... 4, 5

*Blackstone v. Thompson,*
  568 Fed.App'x. 82 (3d Cir. 2014)............................................................................. 4, 5

*Blanchard v. Gallick,*
  448 Fed.App'x. 173 (3d Cir. 2011).............................................................................. 5

*Brooks v. Kyler,*
204 F.3d 102, 106 (3d Cir. 2000) …………………………………………………………11

*Brosseau v. Haugen,*
  543 U.S. 194 (2004).................................................................................................. 17

*Celotex Corp.  v. Catrett,*
  477 U.S. 317 (1986).................................................................................................... 2

*D.C. v. Wesby,*
  138 S. Ct. 577 (2018) ................................................................................... 15

*Day v. Fed. Bureau of Prisons,*
  233 F.App'x 132 (3d Cir. 2007) ..................................................................... 6

*Epstein v. State,*
  311 N.J.Super. 350 (N.J. App. Div. 1998) ..................................................... 9

*Farmer v. Brennan,*
  511 U.S. 825 (1994) .................................................................................. 3, 5

*Gomes v. Cty. of Monmouth,*
  444 N.J. Super. 479 (App. Div. 2016) ............................................................ 8

*Graham v. Connor,*
  490 U.S. 386, 392-94 (1989) ....................................................................... 10

*Hamilton v. Leavy,*
  117 F.3d 742 (3d Cir. 1997) ........................................................................... 4

*Harlow v. Fitzgerald,*
  457 U.S. 800, 818 (1982) ............................................................................. 14

*Henderson v. Herman,*
  373 N.J. Super. 625 (N.J. App. Div. 2004) .................................................... 9

*Hoag v. Brown,*
  397 N.J. Super. 34 (App. Div. 2007) .............................................................. 8

*Hudson v. McMillian,*
  503 U.S. 1, 6-7 (1992) ............................................................................ 10, 11

*Kamienski v. Attorney Gen. New Jersey,*
  No. CIV. A. 11-3056 PGS, 2012 WL 4034236
  (D.N.J. Sept. 12, 2012) ................................................................................. 9

*Kelly v. Borough of Carlisle,*
  622 F.3d 248, 253 (3d. Cir. 2010) ................................................................ 14

*Knox v. Doe,*
  487 F. App'x 725 (3d Cir. 2012) .................................................................. 12

*Mammaro v. N.J. Div. of Child Protection & Permanency,*
814 F.3d 164 (3d Cir. 2016) ........................................................................... 17

*Marino v. Industrial Crating Co.,*
358 F.3d 241 (3d Cir. 2004) ............................................................................. 2

*Messerschmidt v. Millender,*
565 U.S. 535 (2012) ....................................................................................... 16

*Mitchell v. Horn,*
318 F.3d 523 (3d Cir. 2003) ........................................................................... 19

*Morgan v. Union County,*
268 N.J. Super 337 (N.J. App. Div. 1993) ....................................................... 9

*Mullenix v. Luna,*
136 S. Ct. 305 (2015) ............................................................................... 16, 17

*Pearson v. Callahan,*
555 U.S. 223 (2009) .................................................................................. 14, 15

*Plumhoff v. Rickard,*
134 S. Ct. 2012 (2014) ................................................................................... 17

*Reichle v. Howards,*
566 U.S. 658 (2012) ....................................................................................... 16

*Saldana v. Kmart Corp.,*
260 F.3d 228 (3d Cir. 2001) ............................................................................. 2

*Saucier v. Katz,*
533 U.S. 194 (2001) ....................................................................................... 15

*Slocum v. Borough of Belmar,*
238 N.J. Super. 179 (Law Div. 1989) ............................................................. 13

*Smith v. Mensinger,*
293 F.3d 641 (3d. Cir. 2002) .......................................................................... 12

*Smith v. Wade,*
461 U.S. 30 (1983) ......................................................................................... 19

*Velez v. City of Jersey City,*
180 N.J. 284 (N.J. 2004) .................................................................................. 8

*White v. Holmes,*
21 F.3d 277, 280-81 (8th Cir. 1994) ........................................................ 11

*White v. Pauly,*
137 S. Ct. 548 (2017) ............................................................................. 17

*Whitley v. Albers,*
475 U.S. 312, 320-21 (1988) ............................................................ 10, 11

*Williams v. City of York, Pennsylvania,*
967 F.3d 252 (3d Cir. 2020) .................................................................... 16

*Williams v. Sec'y Pennsylvania Dep't of Corr.,*
848 F.3d 549 (3d Cir. 2017) .................................................................... 16

*Zaloga v. Borough of Moosic,*
841 F.3d 170 (3d Cir. 2016) .................................................................... 17

**Statutes**

42 U.S.C. § 1983 ....................................................................................... 19

42 U.S.C. § 1997e(e) ................................................................................. 18

N.J.S.A. 10:6-2 .......................................................................................... 13

N.J.S.A. 59:8–7 ........................................................................................... 8

N.J.S.A. 59:8-8(a) ....................................................................................... 8

**Rules**

*Fed. R. Civ. P.* 56(a) ................................................................................... 2

## PRELIMINARY STATEMENT

This case arises from an attack by inmate and co-defendant Alexander Butler on Plaintiff on July 20, 2020 at South Woods State Prison.  Essentially, Plaintiff seeks to hold Moving Defendants liable for failing to intervene or protect him from inmate Butler's sudden attack.

Moving Defendants now move for summary judgment because Plaintiff's claims fails both procedurally and substantively.

## PROCEDURAL HISTORY

Plaintiff submitted his Complaint to this Court on July 22, 2022.  (ECF No. 1). A First Amended Complaint was filed on January 5, 2023. (ECF No. 19). Plaintiff filed a Second Amended Complaint on May 30, 2023. (ECF No. 37). Plaintiff filed a Third Amended Complaint on August 16, 2023. (ECF No. 49). On September 7, 2023, Plaintiff filed a Fourth Amended Complaint. (ECF No. 53). Throughout the instant Motion for Summary Judgment, any time a Complaint is referenced, it is the Fourth Amended Complaint, as it is the operative Complaint. On October 16, 2023, Moving Defendants Carty, Swain, Mercado and Canion filed their Answer to Plaintiff's Complaint. (ECF No. 65). On February 15, 2024, Codefendant Alexander Butler was dismissed from the action via Stipulation. (ECF No. 71).

Now, Moving Defendants respectfully asks the Court to enter judgment in their favor, and to thereby dismiss all of Plaintiff's claims with prejudice.

## STATEMENT OF FACTS

Pursuant to *L. Civ. R.* 56.1, Moving Defendant has filed a separate statement of material facts not in dispute ("SOMF") which will be referenced herein.  In the interest of avoiding repetition, the SOMF will not be reproduced here.

**STANDARD OF REVIEW**

Summary judgment is appropriate where the Court is satisfied that the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, or interrogatory answers, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Fed. R. Civ. P.* 56(a); *e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. *Ibid.* In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." *Marino v. Industrial Crating Co.,* 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255 ).

Initially, the movant has the burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. If the movant meets this burden, the nonmoving party must identify specific facts showing that there is a genuine issue for trial. *Id.* Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. *Anderson* 256-57. A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements. *Saldana v. Kmart Corp.,* 260 F.3d 228, 232 (3d Cir. 2001).

2

## ARGUMENT

### POINT I

**MOVING DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S FAILURE TO PROTECT CLAIMS BECAUSE HE HAS NOT ADDUCED EVIDENCE SUFFICIENT TO SUPPORT HIS CLAIM.**

Plaintiff's failure to protect claims fails because he has failed to adduce evidence of the three necessary elements.  First, Plaintiff cannot establish inmate Butler posed a substantial risk of serious harm at any time prior to his attack.  Second, Plaintiff cannot show that Moving Defendants were deliberately indifferent to a substantial risk from inmate Butler.  Finally, Plaintiff cannot show that deliberate indifference from Moving Defendants was the cause of his alleged harm.

The Eighth Amendment's prohibition of cruel and unusual punishment imposes duties on prison officials to take ***reasonable*** measures to ensure the safety of inmates.  *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  However, "[i]t is not... every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.,* at 834.  In *Farmer*, the Supreme Court established two elements of a failure to protect claim: an objective element, that the "deprivation alleged must be, objectively, sufficiently serious;" and a subjective element, that "the prison official must have a sufficiently culpable state of mind." *Id.*  The Third Circuit has articulated the elements of failure to protect claim as requiring: "(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm."

3

*Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012); *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997).

**A.    Plaintiff has failed to adduce evidence demonstrating he was incarcerated under conditions posing a substantial risk of serious harm.**

Plaintiff's failure to protect claim fails because he cannot establish that first element, or objective component, of his claim.  The objective component of the claim requires plaintiff establish "(1) the seriousness of the injury; (2) a sufficient likelihood that serious injury will result under the circumstances present; and (3) the risks associated with the circumstances under which the injury occurred violate contemporary standards of decency."  *Awal v. Hollingsworth*, No. CV 17-8486, 2018 WL 1003831, at *3 (D.N.J. Feb. 21, 2018) (citing *Atkinson v. Taylor*, 316 F.3d 257, 259 (3d Cir. 2003)).  For the purposes of this motion, Moving Defendants do not contest that Plaintiff suffered an injury. However, Plaintiff has not adduced evidence showing that Moving Defendants were aware that a sufficient likelihood that any injury, let alone serious injury, would result under the circumstances present, or that the circumstances violated contemporary standards of decency.

In cases involving inmate-on-inmate attacks, the Third Circuit has routinely found that, under a failure to protect claim, prison officials were not aware of a serious risk where there were no previous incidents of violence between the inmates, even if officials had notice of threats or potential for violence prior to the attack. *See Blackstone v. Thompson*, 568 Fed. App'x. 82 (3d Cir. 2014) (summary judgment proper because inmate failed to show that officers knew of and were deliberately indifferent to an excessive risk to his safety, where there were no longstanding, pervasive, well-documented or previously noted tensions between prisoner and his cellmate); *Bizzell v. Tennis*, 447 Fed. App'x. 112 (3d Cir. 2011) (summary judgment proper on plaintiff's

4

failure to protect claim because lack of prior fighting between the two inmates involved, even though plaintiff had informed officers that his cellmate was "crazy," does not indicate that defendants were aware of a serious risk); *Blanchard v. Gallick*, 448 Fed. App'x. 173 (3d Cir. 2011) (summary judgment proper because defendants did not act with deliberate indifference after plaintiff received two threats from his cellmate and was moved to a different cell, after having been previously attacked by a different cellmate).

Here, Plaintiff has failed to adduce evidence that the conditions of his incarceration posed a substantial risk of harm.  As in *Blackstone* and *Bizzell*, there is no evidence of prior physical altercations between Plaintiff and inmate Butler, nor threats of violence by inmate Butler toward Plaintiff. SOMF, ¶10.  Indeed, Plaintiff had lived with co-defendant Butler for months and there had been no physical altercations. SOMF, ¶4. Moreover, the conditions Plaintiff complains of were too vague to indicate a substantial risk of harm. SOMF, ¶9.

Moreover, co-defendant Butler has no recorded history of threatening the Plaintiff. SOMF, ¶10.  Therefore, the Court should find that the evidence adduced does not demonstrate a substantial risk of harm, and grant summary judgment in favor of Moving Defendants.

**B.    Plaintiff has failed to establish evidence that Moving Defendants were deliberately indifferent to a substantial risk to his health and safety.**

In a failure to protect claim, an inmate must show that defendant prison officials knew of and disregarded an excessive risk to inmate safety.  *Farmer,* 833-837..  The standard is subjective, not objective, "meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware. *Beers–Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir.2001); *see Bistrian*, 696 F.3d at 368 (plaintiff alleged a plausible failure-to-protect claim when he was placed in recreation yard with members of violent

drug gang members who were aware inmate had acted as informant against them, despite plaintiff's specific warnings). The deliberate indifference requirement extends beyond a lack of ordinary due care – "it is a state of mind equivalent to a reckless disregard of a known risk of harm." *Day v. Fed. Bureau of Prisons*, 233 Fed. App'x 132, 134 (3d Cir. 2007).

Here, Plaintiff has failed to adduce evidence showing that Moving Defendants were actually aware of the existence of an excessive risk from inmate Butler. Plaintiff's Complaint alleged that Codefendant Butler was "known to have violent tendencies in the prison." SOMF, ¶4. However, DOC records show that prior to the July 23, 2020 incident, Codefendant Butler had no disciplinary infractions for violent behavior of any kind. SOMF, ¶11. Inmate Butler had been in trouble twice before the subject altercation, once in 2019 for being intoxicated and once in 2019 for tampering/altering government property. SOMF, ¶11. Furthermore, when Plaintiff made his request to move cells on June 25, 2020 until a response was provided by Moving Defendant Carty on July 20, 2020, Plaintiff did not report any other issues or follow up on his request in any fashion. SOMF, ¶16.

Indeed, even cases involving inmates with a history of violence have been insufficient to ground deliberate indifference. *See Bistrian*, 371 ("the risk that an inmate with a history of violence might attack another inmate for an unknown reason" was too speculative to support finding deliberate indifference); *see also Baldwin v. Brown*, No. CV 18-16213 (RMB), 2019 WL 4187578, at *4 (D.N.J. Sept. 4, 2019) (history of violence was insufficient to ground 8th Amendment claim).

Here, even if Plaintiff could establish Codefendant Butler had a clear history of violence, which he does not, Plaintiff cannot demonstrate that Moving Defendants had knowledge of this

6

history. <u>SOMF</u>, ¶11.   Plaintiff does not suggest Moving Defendants observed prior disciplinary incidents, or otherwise knew Codefendant Butler could be dangerous.  Here, as in those cases, the Court should find Plaintiff failed to adduce evidence that Moving Defendants were deliberately indifferent, and therefore grant summary judgment in their favor.

Furthermore, the events in question took place in June and July 2020, three and four months, respectively, into the COVID-19 pandemic. <u>SOMF</u>, ¶13.   Obviously a pandemic places a major strain on institutions such as South Woods State Prison and limited the ability to change cells for any reason, let alone those articulated by Plaintiff in his sole J-Pay communication about the issues with inmate Butler. <u>SOMF</u>, ¶9.

### C.    **Plaintiff has failed to establish that deliberate indifference by Moving Defendants caused him harm.**

Even if Plaintiff could establish that Moving Defendants were deliberately indifferent to Plaintiff's safety, Plaintiff cannot prove that the risks associated with the circumstances under which the injury occurred violate contemporary standards of decency. *Atkinson at 259.*   Here, Plaintiff was accused of stealing inmate Butler's t-shirt and a mutual altercation arose. <u>SOMF</u>, ¶39. Keeping an inmate in a cell with someone, like inmate Butler, that does not have a violent history within the prison and has not made any threats to Plaintiff, in a global pandemic following one request to be moved, does not violate the contemporary standards of decency.

Because the undisputed evidence does not establish and of the necessary prongs for a failure to protect claim, let alone all three, Plaintiff's claim fails as a matter of law and Moving Defendants are entitled to summary judgement.

## POINT II

## PLAINTIFF'S STATE LAW CLAIMS AGAINST MOVING DEFENDANTS FAIL BECAUSE HE DID NOT FILE A TORT CLAIMS NOTICE.

Moving Defendants are entitled to summary judgment on Plaintiff's common law claims because Plaintiff has failed to comply with the presentation requirements of the New Jersey Tort Claims Act ("NJTCA").  Plaintiff's Complaint, specifically Counts IX, XIII and XIV , which include negligence, battery, and intentional infliction of emotional distressare state law claims, and therefore the NJTCA applies to such claims. *See, e.g., Hoag v. Brown,* 935 A.2d 1218. (N.J. App. Div. 2007).

A person bringing a tort claim against a public entity or public official under the NJTCA must give notice to the entity within ninety days of the injury. *N.J.S.A.* 59:8–8.  A claim against the state must be filed either with (1) the Attorney General or (2) the department or agency involved in the alleged wrongful act or omission.  *N.J.S.A.* 59:8–7; *e.g., Gomes v. Cty. of Monmouth*, 444 N.J. Super. 479, 488 (N.J. App. Div. 2016).  A claimant is "forever barred from recovering against a public entity or public employee" if the claimant fails to file the notice of claim with the public entity within 90 days of accrual of the claim.  *N.J.S.A.* 59:8-8(a). Here, Plaintiff's discovery responses indicate he is "uncertain" if Notice was provided and Plaintiff has not provided proof of Notice to satisfy this requirement. See Exhibit "G."

Notice is required to be given to a public entity even when the action lies against a public employee.  *See N.J.S.A.* 59:8-2;  *e.g., Velez v. City of Jersey City.* 180 N.J. 284, 293 (N.J. 2004). When a claimant files a timely claim, but notification has been given in a way that substantially satisfied the purposes for which notices of claims are required, that may satisfy the presentation

of the NJTCA.  *See Morgan v. Union County,* 268 N.J. Super 337 (N.J. App. Div. 1993), *certif. den*. 135 N.J. 468 (1994).  The NJTCA generally directs that a claim shall include "the name or names of the public entity, employee or employers causing the injury," but a claims notice that provides enough information to identify allegedly liable public employees can suffice.  *See Henderson v. Herman*, 373 N.J. Super. 625, 633, (N.J. App. Div. 2004) (citing *N.J.S.A.* 59:8-4(e)).  Under the NJTCA, service of a notice of tort claim act on one public entity does not constitute actual or constructive notice on a different public entity.  *Kamienski v. Attorney Gen. New Jersey*, No. CIV. A. 11-3056-PGS, 2012 WL 4034236, at *8 (D.N.J. Sept. 12, 2012).  "N.J.S.A. 59:8-2 and -10 make a clear distinction between a local public entity and the State." *Id.* (citing *Epstein v. State,* 311 N.J. Super. 350, 356 (N.J. App. Div. 1998)).

Here, any state law tort claims, specifically negligence, battery and intentional infliction of emotional distress, advanced by Plaintiff should be dismissed because he failed to file a notice of tort claims. <u>SOMF</u>, ¶61.  Moving Defendants were, at all times relevant to this lawsuit, public employees working for the New Jersey Department of Corrections.  <u>SOMF</u>, ¶5.  Plaintiff's claims arise out of conduct in the scope of Moving Defendants' work in South Woods State Prison, and therefore a tort claims notice was required.  <u>SOMF</u>, ¶5. However, Plaintiff has not filed a notice of tort claim.  <u>SOMF</u>, ¶5. Thus, the claims of Negligence alleged in Count IX, Battery alleged in Count XIII and Intentional Infliction of Emotional Distress as alleged in Count XIV, the Court should grant summary judgment to Moving Defendants because Plaintiff did not file a notice of tort claim.

## POINT III

**PLAINTIFF'S CRUEL AND UNUSUAL PUNISHMENT CLAIM MUST FAIL BECAUSE PLAINTIFF HAS NOT SATISFIED THE SUBJECTIVE NOR OBJECTIVE REQUIREMENT AS TO CULPABILITY OF THE MOVING DEFENDANTS.**

In order for Plaintiff's cruel and unusual punishment, which is essentially an Eighth Amendment Excessive Force claim, to be successful, he must prove a subjective prong and an objective prong. However, here, no force was used, so there cannot be a claim for excessive force. This claim is simply a reiteration of Plaintiff's Failure to Protect claim, addressed in Point I above.

### A.    Plaintiff Cannot Satisfy the Subjective Prong because No Force was Used.

First, the subjective prong must establish that the defendants had a sufficiently culpable state of mind. To do so, the Plaintiff must prove that Moving Defendants' actions, taken contextually, were objectively harmful enough to offend contemporary standards of decency, i.e., a culpable state of mind. See *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Whitley v. Albers*, 475 U.S. 312, 320-21 (1988.) The issue of excessive force turns on "whether force was applied in a good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley* at 320-321. An inmate's excessive force claim is examined under the less-probative Eighth Amendment standard. *Graham v. Connor*, 490 U.S. 386, 392-94 (1989).

Generally, the following factors are considered when determining the subjective component: (1) "the need for the application of force"; (2) "the relationship between the need and the amount of force that was used"; (3) "the extent of injury inflicted"; (4) "the extent of the threat

10

to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them"; and (5) "any efforts made to temper the severity of a forceful response." *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000); *Whitley,* 321. In recognizing that the state prison environment presents many dangers to state prison employees, the Supreme Court has instructed that prison officials "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Whitley*, 321-22.

**B. If the Court Believes the Subjective Prong is Satisfied, the Objective Prong Must be Considered, which Plaintiff Cannot Satisfy.**

If Plaintiff can establish a sufficiently culpable state of mind on the Moving Defendants' part, which he cannot, Plaintiff must then show that the Moving Defendants' actions, taken contextually, were "objectively harmful enough" to offend "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Not every malevolent touch by a prison guard rises to the level of an Eighth Amendment violation. *See Id.* (finding that "de minimus uses of physical force do not constitute an Eighth Amendment violation); *Brooks,* 107. Courts have found that the force used was de minimus, and thus not a constitutional violation, when the inmate suffered only cuts, abrasions, swelling, contusions, or no visible injuries at all. *See White v. Holmes*, 21 F.3d 277, 280-81 (8th Cir. 1994); In addition, Plaintiff would have to provide evidence demonstrating that the alleged injuries he suffered were proximately caused by actions taken by defendants. *White*, 280-81.

However, as noted above, no force was used, therefore no excessive force was used and this claim is simply a reiteration of the Failure to Protect Claim discussed in Point I above.

11

## POINT IV

### PLAINTIFF'S FAILURE TO PROTECT CLAIM ALSO FAILS BECAUSE HE CANNOT SHOW THAT MOVING DEFENDANTS HAD A REASONABLE OPPORTUNITY TO <u>INTERVENE AND REFUSED TO DO SO.</u>

Plaintiff's failure to protect claim fails because the Moving Defendants did not have a reasonable opportunity to intervene before the physical altercation, and actually took reasonable steps to intervene once the physical altercation occurred. An officer cannot be held liable unless he had a reasonable opportunity to intervene and refused to do so. *See Smith v. Mensinger*, 293 F.3d 641 (3d. Cir. 2002); *see Knox v. Doe*, 487 F. App'x 725, 728 (3d Cir. 2012) (per curiam) (affirming dismissal where "even if the prison guards were present during the attack, no facts indicate that they had a realistic and reasonable opportunity to intervene").

### A. Moving Defendants did not have a reasonable opportunity to intervene before the physical altercation because it was not <u>reasonably foreseeable.</u>

Here, Moving Defendants did not have a reasonable opportunity to intervene prior to the physical altercation. <u>SOMF</u>, ¶19-23. Plaintiff's J-Pay correspondence on June 25, 2020 did not indicate that he believed his was at risk, feared for his safety, or otherwise gave Moving Defendants any cause for concern. <u>SOMF</u>, ¶9. In fact, the J-Pay appeared to be someone displeased with being placed with a new bunky. <u>SOMF</u>, ¶9. This is further evidence by lack of follow up, and lack of appeal once the decision to not move his cell was relayed to Plaintiff. <u>SOMF</u>, ¶12, 16.

Additionally the physical altercation did not occur until almost an entire month after the J-Pay correspondence was sent by Plaintiff requesting a change of cell. This correspondence was only read by Moving Defendant Carty. <u>SOMF</u>, ¶20. Plaintiff's only other alleged notice of any

issue with Codefendant Butler occurred just before the altercation in a verbal notice to Moving Defendant Mercado. <u>SOMF</u>, ¶53.

No other Moving Defendant had any knowledge of any issues regarding Plaintiff, nor the alleged psychiatric issues of inmate Butler. <u>SOMF</u>, ¶21-26. Therefore, any claim of foreseeability must fail.

In short, the evidence does not demonstrate that Moving Defendants could have reasonably foreseen or intervened in the physical altercation. The altercation occurred suddenly, which did not provide an opportunity to intervene. Moreover, Plaintiff did not report that inmate Butler had made any threats or exhibited any violent behavior prior to the date of the subject incident. <u>SOMF</u>, ¶10. Because Moving Defendants did not have a reasonable opportunity to intervene before the attack, they cannot be held liable for failure to protect.

**B.    Once the physical altercation began, Moving Defendants Mercado, Swain and Canion took reasonable steps to intervene.**

The undisputed facts show that Moving Defendants Mercado, Swain and Canion properly intervened after the physical altercation began. <u>SOMF</u>, ¶57. Defendant Mercado called a "Code 33" in response to the altercation on July 23, 2020. <u>SOMF</u>, ¶55. Essentially, calling a code informs staff of a disruption and informs affected posts of an emergency situation. <u>SOMF</u>, ¶56. This triggers safety protocols and protective steps which may include causing movement in the facility to cease, securing certain locations in the facilities, or taking account of inmates' locations. <u>SOMF</u>, ¶56. By calling a code, Moving Defendant Mercado caused officers, including Moving Defendants Canion and Swain, to respond to end the physical altercation, secure the scene and escort Codefendant Butler and Plaintiff for a medical evaluation. <u>SOMF</u>, ¶57-60.

13

# POINT V

## SUMMARY JUDGMENT SHOULD BE GRANTED TO THE MOVING DEFENDANTS BECAUSE THEY ARE ENTITLED TO QUALIFIED IMMUNITY.

Defendants are entitled to summary judgment on grounds of qualified immunity for Plaintiff's § 1983 Civil Rights Claims, specifically Cruel and Unusual Punishment, Failure to Intervene and Excessive Force. Plaintiff has also plead violations of the New Jersey Civil Rights Act, *N.J.S.A.* § 10:6-2, to which any alleged violation qualified immunity also does apply, and is evaluated under the same standard as the federal claims. *Slocum v. Borough of Belmar*, 238 N.J. Super. 179 (Law Div. 1989). Evidence in the record indicates that Moving Defendants acted reasonably under the circumstances and did not violate a clearly established constitutional right.

The doctrine of qualified immunity "balances two important interests — the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan,* 555 U.S. 223, 231 (2009). Government officials are immune from liability for civil damages as long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982); *Kelly v. Borough of Carlisle,* 622 F.3d 248, 253 (3d Cir. 2010). The doctrine "gives ample room for mistaken judgments" and "protect[s] all but the plainly incompetent or those who knowingly violate the law." *See Kelly,* 622 F.3d at 254 (internal quotation marks and citations omitted). In each case, the government's interests must be balanced against the citizens' interest in vindicating their constitutional rights, as well as the public

interest in holding officials accountable "when they exercise power irresponsibly." *Pearson,* 555 U.S. at 231.

The court should grant summary judgment to Moving Defendants because they are entitled to qualified immunity.  Courts must engage in a two-part inquiry to determine whether qualified immunity applies.  Officers are entitled to qualified immunity unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time of the alleged violation.  *See, e.g., D.C. v. Wesby*, 138 S. Ct. 577, 589 (2018); *Pearson,* 232. Courts have the discretion to consider either prong of the two-part analysis first.  Id. at 236.

Here, Moving Defendants are entitled to qualified immunity because their actions did not violate a federal statutory or constitutional right, and because there is no clearly established law creating a responsibility to intervene different than they did.

### A.    Moving Defendants' conduct did not violate a federal statutory or constitutional right.

First, the court decides whether the facts alleged, taken in a light most favorable to the Plaintiff, make out the violation of a constitutional right. *Saucier v. Katz,* 533 U.S. 194 (2001). Moving Defendants are entitled to qualified immunity because their conduct did not violate the Plaintiff's rights.  As discussed earlier in this brief, Plaintiff has failed to adduce evidence supporting his claim because he cannot show Codefendant Butler posed a substantial risk of serious harm, that Moving Defendants were deliberately indifferent to a substantial risk, or that deliberate indifference from Moving Defendants actually caused him harm.  Thus, Plaintiff has failed to establish that Moving Defendants' conduct violated any federal statutory or constitutional right, and Moving Defendants are entitled to qualified immunity.

15

**B.      Moving Defendants are entitled to qualified immunity because there was no clearly established precedent that Moving Defendants' actions were underlined.**

Next, the court must examine whether the right at issue was "clearly established at the time of the challenged conduct." *Reichle v. Howards,* 566 U.S. 658, 664 (2012). To be "clearly established," a right must be sufficiently clear such that a reasonable official would have known that his conduct was unlawful. *Id.* The Supreme Court emphasized that while a case directly on point is not required to show that a right was clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." *Mullenix v. Luna,* 577 U.S. 7, 12 (2015). "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." *Messerschmidt v. Millender,* 565 U.S. 535, 546 (2012).  "The inquiry focuses on the state of the relevant law when the violation allegedly occurred."  *E.g., Williams v. Sec'y Pennsylvania Dep't of Corr.,* 848 F.3d 549, 570 (3d Cir. 2017).  The Supreme Court has ruled that the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."  *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

For a right to be considered sufficiently clear or definite, there must have been either controlling authority or a robust consensus of cases of persuasive authority when the official acted that placed the statutory or constitutional question beyond debate. *E.g.,  Williams v. City of York, Pennsylvania,* 967 F.3d 252, 259 (3d Cir. 2020); *Ashcroft* 741 (2011).  Qualified immunity thus "gives government officials breathing room to make reasonable but mistaken judgments," and "protects all but the plainly incompetent or those who knowingly violate the law." *Id.,* at

16

743.   This "high standard for 'clearly established' law" is "tilted in favor of shielding government actors." *Zaloga v. Borough of Moosic,* 841 F.3d 170, 175-177 (3d Cir. 2016).

The Supreme Court recently reiterated "the longstanding principle that 'clearly established law' should not be defined 'at a high level of generality." *White v. Pauly*, 137 S. Ct. 548, 552 (2017).  The critical question is "whether the official acted reasonably in the particular circumstances that he or she faced." *Plumhoff v. Rickard,* 134 S. Ct. 2012, 2023 (2014). "[T]here must be sufficient precedent at the time of action, factually similar to the plaintiff's allegations, to put defendant on notice that his or her conduct is constitutionally prohibited." *Mammaro v. N.J. Div. of Child Protection & Permanency,* 814 F.3d 164, 169 (3d Cir. 2016); see *also Mullenix v. Luna,* 136 S. Ct. 305, 312 (2015) (rejecting reliance on cases "too factually distinct to speak clearly to the specific circumstances"); *Brosseau v. Haugen*, 543 U.S. 194, 201 (2004) (officials immune unless prior case law "squarely governs" the conduct at issue).

Moving Defendants are entitled to qualified immunity because there was no clearly established precedent establishing that their conduct violated the Plaintiff's rights. *Mullenix,* 12. Plaintiff cannot identify a case suggesting a constitutional violation where a corrections officer 1) had to make cell changes in response to a single J-Pay request made the day of a cellmate change where there is no prior violent history on the part of the "problematic" cellmate; 2) protect an inmate, like Plaintiff, from engaging in a physical altercation where no prior threat had been made; or 3) end a violent physical altercation with methods other than those utilized when both inmates are not responding to verbal commands to cease fighting.

In fact, the opposite is true – cases have repeatedly found no violation in cases where officers had more reason to know of an inmate's potential to commit violence.  As discussed at

length above, cases in this and other circuits have repeatedly found failure to protect claims fail when inmates do not have a prior violent history with each other.  Here, there were not even any threats reported by Plaintiff, therefore, Plaintiff has insufficient grounds for failure to protect claims.  <u>SOMF</u>, ¶10. Plaintiff cannot point to clearly established case law in this circuit showing an officer should have acted differently when a cellmate change request is made via J-Pay.  And, Plaintiff cannot identify precedent clearly establishing that Moving Defendants had a reasonable opportunity to intervene.  Because Plaintiff has not (and cannot) point to case law that clearly establishes Moving Defendants' conduct was unconstitutional, Moving Defendants are entitled to qualified immunity.

**POINT VI**

### SUMMARY JUDGMENT SHOULD BE GRANTED AS TO PLAINTIFFS' CLAIMS FOR COMPENSATORY <u>DAMAGES AND PUNITIVE DAMAGES.</u>

Plaintiff's complaint states it seeks compensatory and punitive damages from Moving Defendants.  <u>SOMF</u>, ¶1. For the following reasons, the claim for compensatory and punitive damages should be dismissed.

To the extent Plaintiff seeks damages for mental or emotional distress as a part of his compensatory damages, same should be dismissed.  Plaintiff's ability to receive damages for mental or emotional injury are limited by the PLRA, which provides in pertinent part:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury ...

42 U.S.C. § 1997e(e).  This provision applies regardless of the nature of the underlying substantive violation asserted.  The physical injury requirement of § 1997e(e) requires more than

18

a de minimis physical injury before an emotional injury may be alleged.  *Mitchell v. Horn,* 318 F.3d 523, 533 (3d Cir. 2003) (following the Fifth, Ninth, and Eleventh Circuit interpretations to hold that § 1997e(e) requires "a less-than-significant-but-more-than-de minimis physical injury as a predicate" to allegations of emotional injury.).

Moreover, Plaintiff has not supported his claims with expert testimony.  Accordingly, Plaintiff has failed to establish evidence of causation between any emotional damages Plaintiff allegedly suffered and this physical altercation. Thus, to the extent the Court permits any claims to proceed, it should preclude Plaintiff from seeking damages for emotional distress, as no expert testimony has been provided to physical, nor emotional, damages of any kind.

Plaintiff has also failed to adduce any facts justifying the award of punitive damages. Punitive damages may be imposed against defendants in their individual capacities under 42 U.S.C. § 1983 in cases where the defendant has been found to have acted with "evil motive or intent." *E.g., Smith v. Wade,* 461 U.S. 30, 56 (1983).  Here, Plaintiff has adduced no evidence that the Moving Defendants acted with evil motive or intent.  Accordingly, the Court should dismiss Plaintiff's claims to the extent it seeks punitive damages.

19

## **<u>CONCLUSION</u>**

For all the foregoing reasons, it is respectfully requested that the Court grant Moving Defendants' Motion for Summary Judgment as to all of Plaintiff's claims, and that all of Plaintiff's claims be dismissed with prejudice.

Respectfully submitted,

KENT & McBRIDE, P.C.

By: _____
        Caitlin A. Harley

20