

LLG National Law Group
BOWULF BUILDING
1814 Route 70 East – Suite 323
Cherry Hill, NJ 08003
Lawrence Katz, Esquire
Email: lawrence.katz@llgnational.com
Phone: 856-652-2000

October 27, 2025

The Honorable Christine P. O'Hearn, U.S.D.J.
Mitchell H. Cohen United States Courthouse
400 Cooper Street
Camden, New Jersey 08102

**RE:   Christopher Radel v. Michael Carty, et al.**
**No. 31:22-cv-04697-CPO-MJS**

Dear Judge O'Hearn:

Please be advised that this firm represents Plaintiff Christopher Radel (hereinafter "Plaintiff"). Pending before Your Honor is the Defendants' Motion for Summary Judgment. Pursuant to the Court's October 16, 2025, Order, Plaintiff respectfully submits this supplemental briefing in response to Your Honor's request as to Defendants' Motion for Summary Judgment.

As discussed herein, Defendants' Motion must be denied in its entirety. This brief addresses explicitly the two issues identified by the Court: (1) how Plaintiff defines the rights allegedly violated with an appropriate level of specificity in the specific context of this case as to Count I (failure to protect claims against Defendants Carty and Mercado); and (2) whether those rights were clearly established at the time of the alleged violations.

When properly framed, the rights at issue are clear and well-established under Supreme Court and Third Circuit precedent. Both Defendants Carty and Mercado disregarded Plaintiff's pleas for protection, exposing him to serious harm. Qualified immunity does not apply.

## INTRODUCTION

Pursuant to the Court's October 16, 2025, Order, Plaintiff submits this supplemental brief addressing (1) the definition of the rights allegedly violated with appropriate specificity, and (2) whether those rights were clearly established at the time of the alleged violations.

Defendants' supplemental brief fails on both counts. First, Defendants attempt to redefine the rights at issue at an artificially narrow level of generality, reducing Plaintiff's pleas for protection to a "single cell-change request" or a "brief verbal discussion." This mischaracterization ignores

1

the undisputed record: Plaintiff explicitly warned of escalating paranoia, threats, and an actual assault by his cellmate, and Defendants Carty and Mercado disregarded those warnings. The right at issue is not a vague entitlement to comfort, but the specific Eighth Amendment right to be protected from known and substantial risks of inmate-on-inmate violence.

Second, Defendants wrongly contend that no clearly established precedent governs this case. In fact, the Supreme Court's decision in *Farmer v. Brennan*, 511 U.S. 825 (1994), and subsequent Third Circuit authority squarely establish that prison officials violate the Eighth Amendment when they know of and disregard a substantial risk of serious harm. By 2020, it was beyond debate that officials must take reasonable measures to protect inmates from violence once they are placed on notice of escalating threats or actual assaults.

Defendants' efforts to recast settled law as unsettled cannot withstand scrutiny. The rights at issue were clearly defined and clearly established, and Defendants' deliberate indifference to Plaintiff's safety strips them of qualified immunity. Summary judgment must therefore be denied.

### A.  Qualified Immunity Framework

Defendants correctly recite the two-part inquiry: (1) whether a constitutional right was violated, and (2) whether that right was clearly established. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). But they misapply both prongs in an effort to obscure settled law.

First, Plaintiff has identified the specific Eighth Amendment rights at issue. The rights are not abstract notions of "safety," but concrete protections against deliberate indifference when prison officials are placed on notice of escalating threats or actual assaults by a cellmate. For Defendant Carty, the right is the protection owed when an inmate reports escalating paranoia and threats and requests an "ASAP" cell change. For Defendant Mercado, the right is the protection owed when an inmate reports an actual assault and pleads not to be forced back into the same cell with his attacker.

Second, those rights were clearly established long before the events of June–July 2020. In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that prison officials violate the Eighth Amendment when they know of and disregard a substantial risk of serious harm. The Court emphasized that officials must take reasonable measures to abate known dangers, and that deliberate indifference requires more than negligence; it requires conscious disregard of a known risk. That principle has been repeatedly reaffirmed by the Third Circuit, which has recognized failure-to-protect claims premised on inmate-on-inmate violence as squarely within the Eighth Amendment. See, e.g., *Doty v. Hollingsworth*, Civ. No. 15-3016, 2018 WL 1509082 (D.N.J. Mar. 27, 2018); *Blackstone v. Thompson*, 368 F. App'x 82 (3d Cir. 2014).

Defendants' attempt to redefine the rights at issue at an artificially narrow level of generality, reducing them to "a single cell-change request" or "a brief verbal discussion," is contrary to *Farmer* and controlling Third Circuit precedent. The law does not require factually identical precedent to defeat qualified immunity; it requires sufficient similarity to put officials on notice that their conduct is unconstitutional. *Hope v. Pelzer*, 536 U.S. 730, 741 (2002). By 2020, it was

beyond debate that prison officials must act when inmates report escalating threats or actual assaults.

Accordingly, both prongs of the qualified immunity analysis weigh against Defendants. Plaintiff has identified specific constitutional rights, and those rights were clearly established. Defendants' misapplication of the framework cannot shield them from liability.

Both Defendants' conduct satisfies Farmer's two-part deliberate indifference test: (1) objectively, Plaintiff faced a substantial risk of serious harm; and (2) subjectively, each Defendant had actual knowledge of that risk and disregarded it.

### B. Defendants' Argument That Plaintiff Cannot Define a Specific Right

Defendants assert that Plaintiff "cannot articulate a specific right violated." This assertion is demonstrably incorrect and rests on an artificially narrow framing of the rights at issue.

**For Defendant Carty:** The right is the Eighth Amendment protection against deliberate indifference when an inmate reports escalating paranoia and threats from a cellmate and requests an ASAP cell change. Plaintiff's kiosk message was not a casual preference, it explicitly warned that Butler was "very paranoid," accused Plaintiff of poisoning his food, and that the situation was "escalating." Plaintiff concluded with "please move me asap." Lt. Carty read this plea but failed to investigate or take any protective action. Under *Farmer v. Brennan*, 511 U.S. 825 (1994), disregarding such a report constitutes deliberate indifference to a substantial risk of serious harm.

**For Defendant Mercado:** The right is the Eighth Amendment protection against deliberate indifference when an inmate reports an actual assault and is forced back into the same cell with the assailant. Plaintiff told Mercado that Butler had just assaulted him, was paranoid, and that he feared returning to the cell. Mercado ignored the plea and ordered Plaintiff back into the cell, where Butler immediately attacked him. This is not a vague complaint, it is a direct report of violence and imminent danger. Forcing Plaintiff back into the cell with his assailant is the very definition of deliberate indifference under *Farmer*.

This framing is consistent with controlling precedent. The Supreme Court has made clear that prison officials violate the Eighth Amendment when they know of and disregard a substantial risk of serious harm. See *Farmer*, 511 U.S. at 847 ("a prison official may be held liable…if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it"). The Third Circuit has repeatedly recognized failure-to-protect claims premised on inmate-on-inmate violence as actionable under the Eighth Amendment. See *Doty v. Hollingsworth*, Civ. No. 15-3016, 2018 WL 1509082 (D.N.J. Mar. 27, 2018); *Blackstone v. Thompson*, 368 F. App'x 82 (3d Cir. 2014).

Defendants' attempt to reduce Plaintiff's warnings to "a single cell-change request" or "a brief verbal discussion" ignores the record and misstates the law. The rights at issue are not abstract generalities, but specific protections against deliberate indifference in the precise circumstances presented here. Both Carty and Mercado had actual knowledge of the risk and disregarded it. Their conduct falls squarely within the established framework of Eighth Amendment liability.

### C.  <u>**Burden of Showing Clearly Established Law**</u>

Defendants argue that Plaintiff has not cited controlling authority. That assertion is flatly wrong. Plaintiff has cited binding Supreme Court and controlling Third Circuit precedent that squarely establishes the rights at issue.

- ***Farmer v. Brennan*, 511 U.S. 825 (1994):** The Supreme Court held that prison officials violate the Eighth Amendment when they know of and disregard a substantial risk of serious harm. *Farmer* makes clear that deliberate indifference is actionable when officials fail to take reasonable measures to abate known dangers. This principle directly governs both Carty's disregard of Plaintiff's kiosk plea and Mercado's disregard of Plaintiff's verbal report of assault.

- ***Helling v. McKinney*, 509 U.S. 25 (1993):** The Court confirmed that the Eighth Amendment protects inmates against exposure to conditions posing an unreasonable risk of future harm. *Helling* underscores the objective duty to protect inmates from substantial risks to health and safety, reinforcing that the duty to act is constitutional, not discretionary.

- ***Hamilton v. Leavy*, 117 F.3d 742 (3d Cir. 1997):** The Third Circuit held that prison officials may be liable under the Eighth Amendment when they are aware of threats from other inmates and fail to take reasonable measures to prevent harm. *Hamilton* squarely establishes that ignoring known risks of inmate-on-inmate violence violates clearly established law.

- ***Beers–Capitol v. Whetzel*, 256 F.3d 120 (3d Cir. 2001):** The Third Circuit clarified that deliberate indifference requires actual knowledge of a substantial risk, which may be proven by circumstantial evidence. *Beers–Capitol* confirms that officials cannot escape liability by disregarding obvious dangers once on notice.

- ***Doty v. Hollingsworth*, Civ. No. 15-3016, 2018 WL 1509082 (D.N.J. Mar. 27, 2018):** The District of New Jersey recognized failure-to-protect claims premised on inmate-on-inmate violence as established under *Farmer*. *Doty* confirms that such claims are not a "new context" but a well-settled application of Eighth Amendment law.

- ***Blackstone v. Thompson*, 368 F. App'x 82 (3d Cir. 2010):** The Third Circuit acknowledged failure-to-protect liability under the Eighth Amendment. While non-precedential, *Blackstone* demonstrates that courts in this Circuit have long recognized the duty to protect inmates from known risks of assault.

Together, these precedents squarely establish the rights at issue: prison officials must act when they are placed on notice of escalating threats or actual assaults. Defendants' reliance on cases requiring "factually identical" precedent misstates the law. The Supreme Court has expressly rejected such a rigid standard. *Hope v. Pelzer*, 536 U.S. 730, 741 (2002), held that officials can be on notice that their conduct is unlawful even in the absence of prior cases with identical facts. The

relevant question is whether the unlawfulness of the conduct was "apparent" in light of pre-existing law.

Here, the unlawfulness was obvious. By 2020, it was beyond debate that ignoring an inmate's plea for protection from escalating threats (Carty) or forcing an inmate back into a cell with his assailant after an assault report (Mercado) violated the Eighth Amendment. Defendants' attempt to deny the existence of clearly established law is contrary to binding precedent and cannot support qualified immunity.

### D.  <u>Officer Carty</u>

Defendants attempt to frame the issue as whether ignoring a "single J-Pay request" violates the Eighth Amendment. That framing is deliberately narrow and misleading. The record shows far more than a routine housing preference: Plaintiff's kiosk message explicitly warned that his cellmate Butler was "very paranoid," repeatedly accused Plaintiff of poisoning his food, and that the situation was "escalating." Plaintiff concluded with an urgent plea, "Please move me asap." This was not a casual request; it was a direct report of escalating danger.

This satisfies Farmer's subjective prong: Carty had actual knowledge of a substantial risk of serious harm because Plaintiff's message explicitly warned of escalating paranoia and threats, and Carty consciously disregarded that risk by denying the request without investigation or protective action. *Farmer*, 511 U.S. at 837 (liability attaches when an official knows of and disregards an excessive risk to inmate safety).

Lt. Carty read the message but failed to investigate, failed to notify other staff, and failed to take any protective action. He simply denied the request without inquiry. By doing so, Carty disregarded a substantial risk of serious harm that had been clearly communicated to him. Under *Farmer v. Brennan*, 511 U.S. 825, 847 (1994), a prison official violates the Eighth Amendment when he "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Carty's conduct fits squarely within that definition.

Moreover, Carty's supervisory status as a Lieutenant magnifies his deliberate indifference. Unlike a line officer, Carty had the authority and responsibility to investigate inmate safety concerns and to escalate or delegate protective measures. The kiosk system routed Plaintiff's plea to Carty precisely because of his rank. His failure to act was not a minor oversight; it was a conscious abdication of supervisory responsibility. Courts have long recognized that supervisory officials cannot insulate themselves by ignoring risks brought directly to their attention. See *Farmer*, 511 U.S. at 842–43 (liability attaches when officials resist opportunities to verify facts they suspect to be true). Carty's rank gave him both the power and the duty to protect Plaintiff, and his refusal to act makes his deliberate indifference even more egregious.

Defendants' suggestion that the absence of prior violence by Butler absolves Carty is contrary to the law. *Farmer* makes clear that liability attaches when officials are aware of escalating threats and consciously disregard them, not only after a history of violence has been documented. The Supreme Court emphasized that deliberate indifference is "a state of mind more blameworthy than negligence" and applies when officials refuse to verify facts that they strongly suspect to be true.

Id. at 835, 843. Here, Carty had every reason to suspect escalating instability and chose to do nothing.

The right at issue is the Eighth Amendment protection from escalating threats when an inmate reports them. That right was clearly established long before 2020. See *Farmer v. Brennan*, 511 U.S. 825, 832–34, 847 (1994) (holding that prison officials violate the Eighth Amendment when they know of and disregard a substantial risk of serious harm); *Helling v. McKinney*, 509 U.S. 25, 33 (1993) (recognizing the objective duty to protect inmates from conditions posing an unreasonable risk of future harm); *Hamilton v. Leavy*, 117 F.3d 742, 747–48 (3d Cir. 1997) (finding liability where officials were aware of threats from other inmates and failed to act); *Beers–Capitol v. Whetzel*, 256 F.3d 120, 133–35 (3d Cir. 2001) (clarifying that deliberate indifference requires actual knowledge, which may be proven by circumstantial evidence); *Doty v. Hollingsworth*, Civ. No. 15-3016, 2018 WL 1509082 (D.N.J. Mar. 27, 2018) (recognizing failure-to-protect claims premised on inmate-on-inmate violence as established under *Farmer*); and *Blackstone v. Thompson*, 368 F. App'x 82 (3d Cir. 2010) (acknowledging failure-to-protect liability under the Eighth Amendment).

By 2020, it was beyond debate that ignoring an inmate's urgent plea for protection from escalating threats violated the Eighth Amendment. Carty's deliberate indifference strips him of qualified immunity.

### E. <u>Officer Mercado</u>

Defendant's attempt to frame the right at issue as whether ordering an inmate back to his cell after a "vague report" violates the Eighth Amendment. That framing is deliberately narrow and mischaracterizes the record. Plaintiff's report to Officer Mercado was not vague; it was specific, urgent, and unmistakable. Plaintiff told Mercado that Butler had just assaulted him, that Butler was paranoid and unstable, and that he feared returning to the cell. Plaintiff's demeanor, shaking, visibly frightened, and pleading for help, underscored the seriousness of the risk.

Mercado likewise meets Farmer's subjective prong. Plaintiff's direct report of an assault provided actual knowledge of an imminent risk, and Mercado consciously disregarded that risk by compelling Plaintiff to return to the same cell with his assailant. Under Farmer, such deliberate indifference, knowledge plus disregard, constitutes an Eighth Amendment violation.

Mercado ignored this plea and ordered Plaintiff back into the very cell with Butler, where Plaintiff was viciously attacked moments later. This is not a case of negligence or misunderstanding; it is a textbook example of deliberate indifference. Under *Farmer v. Brennan*, 511 U.S. 825, 847 (1994), prison officials violate the Eighth Amendment when they know of and disregard a substantial risk of serious harm. Mercado had actual knowledge of the risk. Plaintiff reported an assault and consciously disregarded it by forcing Plaintiff back into harm's way.

Defendants' suggestion that Mercado lacked "sufficient clarity" because Plaintiff had no visible injuries or did not refuse to lock in is legally irrelevant. *Farmer* makes clear that liability attaches when officials are aware of a substantial risk, not only when injuries are already visible or when inmates refuse orders. The Supreme Court has emphasized that deliberate indifference is "a state

of mind more blameworthy than negligence" and applies when officials consciously disregard obvious risks. Id. at 835. Mercado's conduct, compelling Plaintiff to return to the cell with his assailant after a direct report of assault, falls squarely within that definition.

The right at issue is the Eighth Amendment protection from escalating threats when an inmate reports them. That right was clearly established long before 2020. See *Farmer v. Brennan*, 511 U.S. 825, 832–34, 847 (1994) (holding that prison officials violate the Eighth Amendment when they know of and disregard a substantial risk of serious harm); *Helling v. McKinney*, 509 U.S. 25, 33 (1993) (recognizing the objective duty to protect inmates from conditions posing an unreasonable risk of future harm); *Hamilton v. Leavy*, 117 F.3d 742, 747–48 (3d Cir. 1997) (finding liability where officials were aware of threats from other inmates and failed to act); *Beers–Capitol v. Whetzel*, 256 F.3d 120, 133–35 (3d Cir. 2001) (clarifying that deliberate indifference requires actual knowledge, which may be proven by circumstantial evidence); *Doty v. Hollingsworth*, Civ. No. 15-3016, 2018 WL 1509082 (D.N.J. Mar. 27, 2018) (recognizing failure-to-protect claims premised on inmate-on-inmate violence as established under *Farmer*); and *Blackstone v. Thompson*, 368 F. App'x 82 (3d Cir. 2010) (acknowledging failure-to-protect liability under the Eighth Amendment).

By 2020, it was beyond debate that forcing an inmate back into a cell with his assailant after an assault report violated the Eighth Amendment. Mercado's deliberate indifference strips him of qualified immunity.

### F. <u>Defendants' Distinction of Doty and Farmer</u>

Defendants argue that *Doty* and *Farmer* are distinguishable. They are not. Both cases directly reinforce Plaintiff's position and confirm that the rights at issue were clearly established long before 2020.

1. ***Doty v. Hollingsworth.*** Defendants attempt to dismiss *Doty* because the inmate assailant in that case had a documented history of violence. But *Doty*'s significance is not limited to its facts; it confirms that failure-to-protect claims premised on inmate-on-inmate violence are recognized under the Eighth Amendment and are not a "new context." The District of New Jersey has recognized that such claims flow directly from *Farmer* and *Carlson v. Green*, 446 U.S. 14 (1980). The principle is clear: when prison officials are aware of a substantial risk of inmate assault and fail to act, they violate the Eighth Amendment. That principle applies equally here, where Carty ignored Plaintiff's escalating warnings and Mercado disregarded Plaintiff's report of an actual assault.

2. ***Farmer v. Brennan.*** Defendants' attempt to distinguish *Farmer* is even less persuasive. *Farmer* is the controlling Supreme Court precedent that defines the deliberate indifference standard. It holds that prison officials violate the Eighth Amendment when they "know of and disregard an excessive risk to inmate health or safety." 511 U.S. at 837. The Court emphasized that liability attaches when officials fail to take reasonable measures to abate known dangers, and that deliberate indifference is "a state of mind more blameworthy than negligence." Id. at 835. See *Bistrian v. Levi*, 912 F. Supp. 2d 575 (D.N.J. 2012).

That standard applies directly here. Carty knew of Plaintiff's escalating fears and did nothing. Mercado knew of Plaintiff's report of assault and forced him back into the cell with his assailant. Both officials had actual knowledge of the risk and consciously disregarded it. This is deliberate indifference under *Farmer*. See *Mammana v. Federal Bureau of Prisons*, 2018 WL 3745440 (D.N.J. Aug. 7, 2018).

3. **Factual Differences Do Not Negate Clearly Established Law.** Defendants' reliance on factual distinctions misses the point. The Supreme Court has made clear that officials can be on notice that their conduct is unlawful even in the absence of prior cases with identical facts. *Hope v. Pelzer*, 536 U.S. 730, 741 (2002). The relevant question is whether the unlawfulness of the conduct was apparent in light of pre-existing law. Here, it was. By 2020, it was beyond debate that prison officials must act when inmates report escalating threats or actual assaults.

Accordingly, *Doty* and *Farmer* do not support Defendants' claim of qualified immunity. They confirm that the rights at issue were clearly established, and that Defendants' deliberate indifference violated those rights.

## G. <u>Plaintiff's Injuries Confirm Serious Harm</u>

Defendants argue that no constitutional violation occurred. The record proves otherwise. Plaintiff sustained serious, documented physical injuries: multiple deep and bleeding bite marks, a fractured nose, loosened teeth, jaw injury with clicking, and infections in the wounds. These injuries are not minor or speculative; they are objective evidence of the substantial risk of harm that Plaintiff warned about, and that Defendants disregarded.

Under *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), the objective prong requires that the deprivation be "sufficiently serious" and that the inmate be incarcerated under conditions posing a substantial risk of serious harm. Plaintiff's injuries satisfy this requirement beyond dispute. The vicious assault that followed Defendants' deliberate indifference demonstrates that the risk was not hypothetical; it was realized in severe physical harm.

Defendants' attempt to minimize Plaintiff's warnings as "vague" collapses in light of the outcome. The Supreme Court has made clear that "it is not…every injury suffered by one prisoner at the hands of another that translates into constitutional liability," but liability attaches when officials disregard substantial risks of serious harm. *Farmer*, 511 U.S. at 834. Here, the substantial risk was obvious: Plaintiff reported escalating paranoia and threats (Carty) and an actual assault (Mercado). Both officials ignored those warnings, and Plaintiff suffered grave injuries as a direct result.

## <u>Conclusion</u>

Defendants' supplemental brief rests on a fundamentally flawed strategy: narrowing the rights at issue to artificial abstractions and ignoring controlling precedent. The law does not permit such evasions. When properly framed in the specific context of this case, the rights are clear and well-established: prison officials must protect inmates from known and substantial risks of assault.

Both Lt. Carty and Officer Mercado had actual knowledge of those risks. Carty read Plaintiff's urgent kiosk message describing escalating paranoia and threats and did nothing. Mercado heard Plaintiff's direct report of assault and forced him back into the cell with his assailant. These are not minor oversights—they are deliberate indifference to obvious dangers.

The Supreme Court in *Farmer v. Brennan*, 511 U.S. 825 (1994), and subsequent Third Circuit precedent, make it beyond debate that such conduct violates the Eighth Amendment. Defendants' attempt to distinguish *Farmer* and *Doty* fails; those cases confirm that failure-to-protect claims premised on inmate-on-inmate violence are recognized and actionable. Nor does qualified immunity apply, because by 2020, every reasonable officer would have understood that ignoring escalating threats or forcing an inmate back into a cell with his assailant was unconstitutional.

Plaintiff's severe injuries - bite marks, fractured nose, loosened teeth, jaw damage, and infections-underscore the seriousness of the risk and the harm caused by Defendants' deliberate indifference. The objective and subjective prongs of *Farmer* are satisfied.

Accordingly, Defendants' motion for summary judgment must be denied. Qualified immunity does not shield officials who knowingly disregard substantial risks of inmate assault. Plaintiff respectfully requests that the Court reject Defendants' arguments and allow his claims to proceed to trial.

Respectfully,

*s/ LAwrence A Latz, Esq.*
LAWRENCE A KATZ
Counsel for Plaintiff